UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL RANDALL, individually and on behalf of all others similarly situated, | NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (CLASS AND COLLECTIVE ACTION)** |
| v. | |
| INTEGRATED COMMUNICATION SERVICE, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1.      Plaintiff Michael Randall ("Plaintiff") brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for Integrated Communication Service, Inc. ("Defendant" or "ICS"), seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and applicable Washington wage and hour laws.

2.      This is a collective and class action complaint against Defendant to challenge its policies and practices of denying proper payment of all wages (including minimum and overtime wages, compensation for non-productive work time, reimbursement, and improper deductions), as well as Defendant's failing to authorize, permit and/or make available meal periods.

3.      Plaintiff and members of the Collective and Class are current and former non-exempt employees of Defendant, who carried out ICS's installation service business (hereinafter referred to collectively as "Technicians").  In particular, Plaintiff Michael Randall seeks to represent other current and former non-exempt employees who work or worked for Defendant as

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 1

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Technicians in the United States. Defendant's unlawful patterns, practices, and conduct

2  described herein apply broadly to members of the Collective, in violation of the FLSA. Plaintiff

3  also seeks to represent current and former non-exempt employees who work as Technicians in

4  Washington in this class action, and allege Defendant has engaged in unlawful pattern and

5  practices described herein in violation of the Washington wage and hour laws.

6        4.     Specifically, Plaintiff pursues claims under the FLSA, 29 U.S.C. § 201, *et seq*.

7  (failure to pay for all hours worked and overtime, including but not limited to failure to pay

8  necessary incurred business expenses, and failure to compensate for non-productive work time)

9  as a collective action on behalf of himself and other current and former non-exempt employees

10  who work or worked for Defendant as Technicians in the United States.  Plaintiff and

11  Technicians routinely work, or worked, in excess of forty (40) hours in a week, and because

12  Defendant does not properly compensate Plaintiff and other Technicians for these necessarily

13  incurred business expenses, these costs cut into the overtime wages required to be paid to

14  Plaintiff and other Technicians.

15        5.     Plaintiff also pursues claims under the Washington Minimum Wage Act, chapter

16  49.46 Revised Code of Washington, which requires employers to pay non-exempt employees

17  like Plaintiff and the Washington Class members no less than minimum wage for the first forty

18  hours of work in a week and no less than one and one-half times the regular rate of pay, for any

19  hours worked in excess of forty in a week. Defendant's conduct further violated and continues to

20  violate Washington meal and rest period laws, Washington's requirement that all wages be paid

21  upon separation of employment, Washington's prohibition on unlawfully withholding wages,

22  and Washington's recordkeeping requirements. Plaintiff brings these claims on behalf of a class

23  of current and former non-exempt employees who work or worked for Defendant as Technicians

24  in Washington pursuant to Fed. R. Civ. P. 23.

25        6.     Plaintiff also pursues claims under the Seattle Minimum Wage Ordinance

26  ("MWO"), and the Seattle Wage Theft Ordinance, which requires employers to pay non-exempt

27  employees like Plaintiff and the Seattle Class members no less than minimum wage for the first

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 2

forty hours of work and which requires employers to pay all compensation owed to employees on an established regular pay day.

7.      Defendant requires Plaintiff and other Technicians to work grueling schedules: typically between 10 to 14 hours per day; 6 days per week.  Technicians work these long hours without proper compensation, breaks, and reimbursement.  In particular, Defendant rarely pays Technicians for all hours worked, including minimum wage and overtime.  Instead, Defendant manipulates time records so that Technicians' hours worked are significantly underreported. Defendant also does not provide Technicians with proper meal breaks.  For example, the grueling installation schedules imposed by Defendant precludes Plaintiff and other Technicians from taking meal breaks.

8.      Defendant requires Technicians to incur numerous work related expenses, including but not limited to tools and supplies, that are not reimbursed. For example, although Technicians are not reimbursed for tools and supplies, they are required to purchase these items in order to properly complete the jobs assigned by ICS.  At all relevant times, ICS has been fully aware that jobs assigned cannot be completed unless the Technician has the proper equipment. ICS does not supply these tools necessary to complete the jobs assigned, nor do they reimburse the Technicians for tools and supplies purchased by the Technicians.

9.      Similarly, Plaintiff and other Technicians are not compensated for off-the-clock work.  Off-the-clock work includes, but is not limited to, time spent working before Technicians are allowed to clock in at the beginning of their workday and/or time spent working after Technicians are allowed to clock out at the end of their work day, including for meetings.

10.      Ultimately, the daily time that Defendant requires Technicians to work without compensation deprives them of substantial amounts of pay to which they are entitled under Seattle, Washington and Federal law.

11.      Plaintiff seeks full compensation for all unpaid wages, including unpaid minimum wage, straight time, and overtime, as well as compensation for unlawful deductions and work-

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  related expenses.  Plaintiff also seeks declaratory and injunctive relief, including restitution.

2  Finally, Plaintiff seeks reasonable attorneys' fees and costs.

3  ### SUBJECT MATTER JURISDICTION AND VENUE

4  12.    This court has federal question jurisdiction over the subject matter of this action

5  pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States,

6  specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over

7  Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because they are so related to this

8  action that they form part of the same case or controversy.

9  13.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. At all

10  material times, ICS has been actively conducting business in the State of Washington, and within

11  the geographic area encompassing the Western District of the State of Washington. A substantial

12  portion of the events described herein took place in this District.

13  ### PARTIES

14  14.    Plaintiff Michael Randall is an individual residing in Pierce County, Washington.

15  15.    Plaintiff Randall worked for ICS from approximately July 2018 to December

16  2019 in and around the Seattle and Tacoma Washington areas.  He worked in the non-exempt

17  position of Field Technician.

18  16.    The FLSA Collective members are people who are or who have been employed

19  by Defendant as non-exempt Technicians in the United States within the three years preceding

20  the filing of this Complaint.

21  17.    The Washington Class members are all people who are or who have been

22  employed by Defendant as non-exempt Technicians in the State of Washington within the four

23  years preceding the filing of this Complaint.

24  18.    The Seattle Class members are all people who are or who have been employed by

25  Defendant as non-exempt Technicians in the City of Seattle within the applicable limitations

26  period.

27

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 4

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

19.     Defendant Integrated Communication Service, Inc. ("ICS"), installs and maintains communications products.  It is incorporated and headquartered in Colorado, and is located at 8550 West 14th Avenue, Lakewood, Colorado 80215. ICS is registered with the Washington Secretary of State and its principal place of business in Washington is at 2710 NE 146th Ct, Vancouver, WA, 98684.  Defendant ICS may be served with process by serving its registered agent James Gibson at 2710 NE 146th Ct, Vancouver, WA, 98684-3760.

20.     ICS currently does business, or did business during the relevant time period, in numerous states, including but not limited to Washington, Colorado, Oregon, Utah, and Montana.

21.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

22.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

23.     Plaintiff and Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e), Washington state law, the Seattle Minimum Wage Ordinance ("MWO"), and the Seattle Wage Theft Ordinance.

24.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

25.     Defendant has, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

26.     At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

27.     ICS provides cable and communication equipment installations on behalf of cable operators, including Comcast, Bresnan, Adelphia, Cox, Mid-Continent, and AT&T.  Plaintiff and

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 5

proposed members of the Class and Collective currently work and formerly worked for ICS as Technicians and carried out ICS's installation service business.

28.     Technicians' job duties include but are not limited to driving to customers, installing cable, telephone, and internet service, making repairs, troubleshooting, running and replacing cable lines, running coax cable for new outlets, and educating customers.

**Working as a Technician for Defendant**

29.     Technicians' workdays begin early; typically between 6:00 a.m. and 7:00 a.m. At that time, Technicians report to one of Defendant's shops, where they gather equipment for the day. Pursuant to ICS policy and practice, Technicians were not allowed to clock in for the time they spent at the shop at the start of their shift.

30.     Once all uncompensated pre-shift activity is completed, Technicians receive their job assignments for the day – typically around 7:00 a.m.

31.     This work schedule requires Technicians to work long hours. Technicians typically work five to seven days per week, 10 to 12 hours per day, and between 50 and 94 hours per week.

32.     Plaintiff, specifically, typically worked five to six days a week, 10 to 12 hours per day. It was common for him to begin his day around 6:00 a.m. and work until 6:00 or 7:00 p.m. He often worked between 50 and 65 hours a week.

33.     Technicians are generally assigned five to ten jobs per day.  Each job entails one or more tasks, *e.g.*, installing a cable, setting up internet service, and/or creating an electrical outlet.

34.      For each discrete task, Defendant provides Technicians with a corresponding job code.  Each job code equals a set dollar amount. Throughout the day, and for each job, Technicians document these codes as they are completed, and then submits them to Defendant so they can be compensated accordingly.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

35.     Defendant, however, routinely deletes codes that Technicians have submitted for completed job tasks. Defendant also changes code entries to lower paying codes. Defendant also pressures Technicians to not submit code entries for tasks they complete.

36.     In addition, much of Technicians' work time goes unreported or is outright eliminated from Technicians' compensation.  Defendant systematically pressures Technicians to underreport their hours, and threatens to – and in fact does – unilaterally change Technician time records.  Upon information and belief, Technician supervisors are instructed to reduce Technicians' hours, and encourage Technicians to report fewer hours than those worked to increase their regular hourly rates and show more productivity during the day.  This results in Technicians performing substantial off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendant. Defendant's directives cause Plaintiff and other Technicians to underreport several hours per day, upwards of two hours of off-the-clock work per day.

37.     As a natural consequence of Technicians' overwhelming workload, and Defendant's constant pressure to complete all daily job assignments, they are systematically denied the opportunity to take meal breaks.  Defendant, however, routinely requires Technicians to falsely document that they took a thirty-minute meal break. These thirty-minute meal periods – meal periods that rarely, in fact, occur – are uncompensated.  Technicians are forced to eat while they are driving to the next job.  Specifically, Technician supervisors constantly pressure the Technicians to keep working and to move on to the next job. Therefore, Technicians rarely have time to take the required thirty-minute meal period.

38.     Ultimately, Defendant expects Plaintiff and other Technicians to work constantly throughout the day, including during breaks. Defendant constantly checks in with Plaintiff and other Technicians throughout the day, often calling them numerous times to make sure they are constantly working.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**Technicians' Compensation Model**

1

2     39.     Technicians are primarily paid on a piece-rate basis. Defendant's piece-rate

3     compensation system uses: (1) the total dollar value for piece-rate work per job, and (2) the

4     number of hours recorded as worked, to calculate Technicians' regular hourly rates of pay for

5     each week.  To calculate Technicians' regular hourly rates, ICS adds up the total accepted codes,

6     which correlate to a dollar amount, and then divides this amount by the accepted hours worked.

7     40.     Plaintiff is informed, believe, and thereon alleges that the policies and practices of

8     Defendant have been similar for Plaintiff and the Collective and Class Members, regardless of

9     location.

10    **Defendant's Systematic Violations of Federal, Washington and Seattle Labor Laws**

11    41.     As a result of the practices described above, ICS systematically violated, and

12    continues to violate, the FLSA, Washington and Seattle law.

13    42.     ICS's policy and practice of having Technicians work off-the-clock, its policy of

14    eliminating piece rates and hours worked, and failing to pay for overtime, results in violations of

15    Washington law.  ICS's conduct also reduces the total hours factored into ICS's compensation

16    formula, which necessarily reduces Technicians' total compensation, overtime compensation, as

17    well as the total number of hours compensated at the required, bona fide, overtime rate.  This

18    uniformly violates the FLSA. *See* 29 U.S.C. § 207 (a), (g).

19    43.     In addition, ICS routinely denies Plaintiff and other Technicians timely and

20    compliant off-duty meal periods in violation of Washington law. Specifically, Defendant

21    routinely refuses to authorize, permit, and/or make available to Technicians timely and compliant

22    thirty-minute meal periods as required by law.

23    44.     Throughout the relevant time period, Defendant expected and required Plaintiff

24    and Class members to be available to work during their entire shifts, even during attempted rest

25    breaks. Missed rest break time is compensable under Washington law because WAC 296-126-

26    092 requires that employees shall be allowed a rest period of at least 10 minutes on the

27    employer's time for every four hours of work. *See* WAC 296-126-092(4). Rest periods shall be

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 8

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    scheduled as near as possible to the midpoint of the work period. *Id.* No employee shall be

2    required to work more than three hours without a rest period. *Id.* Under Washington law, rest

3    breaks may not be waived by employees. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688,

4    267 P.3d 383 (2011) (stating that "employers have a duty to provide meal periods and rest breaks

5    and to ensure the breaks comply with the requirements of WAC 296-126-092.").

6        45.    Employers have a "mandatory obligation" to both "provide" meal periods and rest

7    breaks and "ensure" the meal periods comply with the law. *Chavez v. Our Lady of Lourdes*

8    *Hosp. at Pasco*, 190 Wn. 2d 507, 519, 415 P.3d 224 (2018); *Brady v. AutoZone Stores, Inc.*, 188

9    Wn. 2d 576, 397 P.3d 120 (2017).

10       46.    In addition, ICS' policy and practice of having Technicians work off-the-clock

11   and its policy of eliminating piece rates and hours worked result in payments to Technicians that

12   fall below the minimum wage prescribed by the City of Seattle, in violation of Seattle law.

13       47.    Defendant's method of paying Plaintiff and Collective and Class members was

14   willful and was not based on a good faith and reasonable belief that their conduct complied with

15   either the FLSA or Washington law.

16       48.    Defendant's common course of wage-and-hour abuse includes routinely failing to

17   maintain true and accurate records of the hours worked by Collective and Class members. In

18   particular, Defendant has failed to record hours that Plaintiff and Collective and Class members

19   worked during missed meal and rest breaks.

20       49.     To the contrary, Defendant instructs Technicians to falsely report on their time

21   sheets they took a meal break, with complete indifference as to whether Technicians in fact were

22   able to, and did, take a meal break.  And if Technicians fail to document that they took a meal

23   break, Defendant will alter the time records to reflect a meal period that was never taken.

24       50.    Beyond Defendant's failure to authorize or permit meal breaks, Technicians'

25   schedules are too busy, and Defendant's pressure to complete job assignments is too constant, for

26   Technicians to take meal breaks.  Defendant monitors Plaintiff and other Technicians throughout

27   the day, including by telephone, directing them to go from customer to customer without breaks.

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 9

1  As a result, this time worked by Plaintiff and other Technicians goes unrecorded and

2  uncompensated.

3      51.    Because Technicians are systematically deprived of the wages to which they are

4  due and entitled, Plaintiff and members of the Class and Collective also do not receive all pay

5  owed to them at the end of their employment.  Compensation for off-the-clock work, missing

6  piece rates, lowered piece rates, and overtime remain outstanding after termination.

7      52.    Compensation provided to Plaintiff and other Technicians is not paid finally,

8  unconditionally, free and clear of deductions and/or kickbacks.  Defendant requires Plaintiff and

9  other Technicians to incur numerous work-related expenses.

10     53.    Indeed, Technicians purchase tools before and during their employment with ICS.

11 When each Technician begins employment, both the managers and supervisors inquire about

12 which tools they have in their possession.  If a Technician does not possess the necessary tools to

13 complete jobs assigned to them, ICS requires each Technician to purchase the necessary tools

14 from ICS.

15     54.    Technicians must purchase their own tools, such as a wireless drills, drill bits,

16 pliers, screwdrivers, staple guns, meters, boots, shorts, and pants.  As far as Technicians'

17 mandated uniforms, ICS charges Technicians to purchase uniform shirts.

18     55.    In addition, ICS subtracts from Technician's compensation for lost or damaged

19 equipment, missed timeframes, failed quality control checks, parking tickets, toll expenses, and

20 other costs incurred by Technicians.

21     56.    Despite these requirements, Defendant refuses to compensate Plaintiff and

22 Technicians for the costs associated with their work-related expenses.

23     57.    Some of these costs are incurred during weeks in which Plaintiff worked in excess

24 of forty (40) hours. Because Plaintiff and Technicians routinely work, or worked, in excess of

25 forty (40) hours in a week, and because Defendant does not compensate Plaintiff and other

26 Technicians for these necessarily incurred business expenses – expenses incurred solely for

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 Defendant's benefit – these costs cut into the overtime wages required to be paid to Plaintiff and

2 other Technicians.

3      58.    Defendant's common course of wage and hour abuse also includes routinely

4 making improper deductions from the wages of Plaintiff and other Technicians. This includes but

5 is not necessarily limited to deductions for loss or damage of tools and equipment that are

6 required or necessary to perform the job and deductions for the purchase of uniforms.  In

7 addition, Defendant requires Plaintiff and other Technicians to pay for the purchase of tools and

8 equipment that are required or necessary to perform the job.  These expenses are incurred in the

9 furtherance of Defendant's interest because the tools and equipment are incident of and

10 necessary to the Technicians' employment.  Defendant fails to reimburse the Technicians for

11 these expenses and as a result, the unreimbursed expenses are essentially deducted from the

12 wages of Plaintiff and other Technicians.  Defendant derives a financial profit or benefit from all

13 of these deductions.  Defendant had actual or constructive knowledge of the fact that these

14 deductions are being taken from the wages of Plaintiff and other Technicians.

15              **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

16      59.    Plaintiff brings the First Cause of Action (the FLSA claim) as an "opt-in"

17 collective action pursuant to 29 U.S.C. § 216(b) on behalf of a proposed collection of similarly

18 situated employees defined as:

19
20          All current and former non-exempt employees of Defendant
         working as Technicians throughout the United States during the
21          time period three years prior to the filing of the original complaint
         until resolution of this action ("the Collective").

22      60.    Plaintiff, individually and on behalf of other similarly situated persons defined

23 above, seeks relief on a collective basis challenging Defendant's policies and practices of failing

24 to accurately record all hours worked, and failing to properly pay Technicians for all hours

25 worked, including overtime compensation.  The number and identity of other similarly situated

26 persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of

27

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 11

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

61.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

62.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

63.     Plaintiff is representative of the members of the Collective and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

64.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

65.     The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

66.     Plaintiff brings the Second through Eighth Causes of Action (the Washington state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The Washington Class is initially defined as:

> All current and former non-exempt employees of Defendant working as Technicians throughout the state of Washington during the time period four years prior to the filing of the complaint, until resolution of this action (the "Class").

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

67.     Plaintiff brings the Ninth Cause of Action (the Seattle law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.  The Seattle Sub-Class is initially defined as:

> All current and former non-exempt employees of Defendant working as Technicians throughout the City of Seattle, Washington during the applicable limitations period prior to the filing of the complaint, until resolution of this action (the "Seattle Sub-Class").

68.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

69.     **Numerosity**:  The potential members of both the Washington Class and Seattle Sub-Class are so numerous that joinder of all respective members is impracticable. Plaintiff is informed and believes that the number of Washington Class members and Seattle Sub-Class Members each exceeds 40. This volume makes bringing the claims of each individual member of the Washington Class and Seattle Sub-Class before this Court impracticable. Likewise, joining each individual member of the Washington Class and Seattle Sub-Class Members as a plaintiff in this action is impracticable. Furthermore, the identities of the Washington Class and Seattle Sub-Class Members will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Washington Class, the Seattle Sub-Class and Defendant.

70.     **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff that predominate over any questions affecting only individual members of the Washington Class and Seattle Sub-Class.  These common questions of law and fact include, without limitation:

a.     Whether Defendant failed to provide members of the Washington Class and the Seattle Sub-Class the meal periods to which they are entitled under Washington law and ensure those breaks were taken;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1          b.     Whether Defendant failed to provide Plaintiff and members of the

2 Washington Class and the Seattle Sub-Class with rest breaks to which they were entitled under

3 Washington law and ensure those breaks were taken;

4          c.     Whether the nature of the duties of Plaintiff and members of the

5 Washington Class and the Seattle Sub-Class did not allow them to take intermittent rest periods

6 equivalent to ten minutes for each four hours worked;

7          d.     Whether Defendant failed to put a system in place that would allow

8 Plaintiff and members of the Washington Class and the Seattle Sub-Class to record missed meal

9 and rest breaks;

10          e.     Whether Defendant failed to compensate Plaintiff and members of the

11 Washington Class and the Seattle Sub-Class for missed meal and rest breaks;

12          f.     Whether Defendant failed to pay Plaintiff, Washington Class members,

13 and Seattle Sub-Class Members for all hours worked, including hours worked during missed

14 meal and rest breaks;

15          g.     Whether Defendant failed to pay Plaintiff and members of the Washington

16 Class and the Seattle Sub-Class at an overtime rate for all hours worked in excess of forty in a

17 workweek, including hours worked during missed meal and rest breaks;

18          h.     Whether Defendant failed to provide Plaintiff and Washington Class

19 members with timely, accurate itemized wage statements in violation of Washington law;

20          i.     Whether Defendant's policy and practice of failing to pay Plaintiff and

21 members of the Washington Class and the Seattle Sub-Class all wages due upon the end of their

22 employment violated Washington law;

23          j.     Whether Defendant's actions were "willful" as that term is understood in

24 Washington wage and hour law;

25          k.     Whether Defendant's common course of conduct violated RCW

26 49.12.020;

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1          l.      Whether Defendant's common course of conduct violated WAC 296-126-
2    092;

3          m.     Whether Defendant's common course of conduct violated RCW
4    49.46.020;

5          n.      Whether Defendant's common course of conduct violated RCW
6    49.46.090;

7          o.      Whether Defendant's common course of conduct violated RCW
8    49.46.130;

9          p.      Whether Defendant's common course of conduct violated RCW
10   49.52.050;

11         q.      Whether Defendant's common course of conduct violated WAC 296-128-
12   010;

13         r.      Whether Defendant's common course of conduct violated WAC 296-126-
14   040;

15         s.      Whether Defendant's common course of conduct violated Seattle
16   Municipal Code 14.20.020; and

17         t.      The proper formula for calculating actual and exemplary damages owed to
18   Plaintiff and the Washington Class as alleged herein.

19         71.    **Typicality**:  Plaintiff's claims are typical of the claims of the Washington Class
20   and the Seattle Sub-Class.  Defendant's common policies, practices, and course of conduct in
21   violation of law as alleged herein have caused Plaintiff and members of the Washington Class
22   and the Seattle Sub-Class to sustain the same or similar injuries and damages.  Plaintiff's claims
23   are thereby representative of and co-extensive with the claims of members of the Washington
24   Class and the Seattle Sub-Class.

25         72.    **Adequacy**:  Plaintiff will fairly and adequately represent and protect the interests
26   of the Washington Class and Seattle Sub-Class because Plaintiff's interests do not conflict with
27   the interests of the members he seeks to represent.  Plaintiff has retained Counsel competent and

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 15

1    experienced in complex employment and wage and hour class action litigation, and intends to

2    prosecute this action vigorously.  Plaintiff and his Counsel will fairly and adequately protect the

3    interests of the Washington Class and Seattle Sub-Class.

4         73.    **Superiority of Class Action**:  A class action is superior to other available means

5    for the fair and efficient adjudication of this controversy.  Individual joinder of all members of

6    the Washington Class and the Seattle Sub-Class is not practicable, and questions of law and fact

7    common to Plaintiff predominate over any questions affecting only individual members of the

8    Washington Class and the Seattle Sub-Class.  The injury suffered by each member of the

9    Washington Class and the Seattle Sub-Class, while meaningful on an individual basis, is not of

10   such magnitude as to make the prosecution of individual actions against Defendant economically

11   feasible.  Individualized litigation increases the delay and expense to all Parties and the Court.

12   By contrast, class action treatment will allow those similarly situated persons to litigate their

13   claims in the manner that is most efficient and economical for the parties and the judicial system.

14        74.    In the alternative, the Washington Class and Seattle Sub-Class may be certified

15   because the prosecution of separate actions by the individual members of the Class would create

16   a risk of inconsistent or varying adjudication with respect to individual members of the

17   Washington Class and the Seattle Sub-Class, and, in turn, would establish incompatible

18   standards of conduct for Defendant.

19        75.    Class treatment will allow those similarly situated persons to litigate their claims

20   in the manner most efficient and economical for the Parties and the judicial system.

21        76.    Plaintiff knows of no difficulty that would be encountered in the management of

22   this litigation that would preclude its maintenance as a class action.

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION
### (FLSA COLLECTIVE ACTION)

77.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

78.     Plaintiff and Collective members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

79.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a) (1).

80.     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. See 29 U.S.C. § 203(e).

81.     Defendant is a covered employer required to comply with the FLSA's mandates. *See* 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

82.     ICS violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. See 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207 (a), (g). ICS also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

83.     Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt employees of ICS, working throughout the United States.

84.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because ICS has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

85.     ICS has acted neither in good faith nor with reasonable grounds to believe that its actions and omission were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. §

2    216(b).

3        86.    As a result of the aforesaid violations of the FLSA's provisions, pay, including

4    minimum wage, straight time, and overtime compensation, has been unlawfully withheld by

5    ICS from Plaintiff and the Collective. Accordingly, ICS is liable for unpaid wages, together

6    with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

7        87.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

8                            **SECOND CLAIM FOR RELIEF**
                          **VIOLATIONS OF RCW 49.46.130**
9                           **FAILURE TO PAY OVERTIME**
                           **(WASHINGTON CLASS ACTION)**
10

11       88.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

12       89.    Pursuant to RCW 49.46.130(1), Defendant was required to pay Plaintiff and

13   Washington Class members one and one-half times their regular rate of pay for all hours worked

14   in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

15       90.    RCW 49.46.090(1) states that:

16           Any employer who pays any employee less than the amounts to
             which such employee is entitled under or by virtue of this chapter,
17           shall be liable to such employee affected for the full amount due to
             such employee under this chapter, less any amount actually paid to
18           such employee by the employer, and for costs and such reasonable
             attorney's fees as may be allowed by the court. Any agreement
19           between such employee and the employer allowing the employee to
             receive less than what is due under this chapter shall be no defense
20           to such action.

21       91.    Plaintiff and Washington Class members are entitled to recover unpaid overtime

22   under Washington law, and they are also entitled to declaratory relief stating Defendant violated

23   the statute, and continues to violate the statute, by incorporating and continuing to utilize the

24   automatic time deduction policy as described above.

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 18

92.     Plaintiff further seeks declaratory relief stating Defendant is in violation of RCW 49.46.130 for failing to compensate Class members for "off-the-clock" work performed for the benefit of Defendants.

93.     Plaintiff and Washington Class members who are within the applicable statute of limitations are entitled to collect the difference between the wages received that were then due and the overtime wages due in an amount to be proven at trial, together with double damages (RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre- and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

## THIRD CLAIM FOR RELIEF
### VIOLATIONS OF RCW 49.12.020 AND WAC 296-126-092
### FAILURE TO PROVIDE MEAL AND REST BREAKS AND ENSURE
### THOSE BREAKS ARE TAKEN
### (WASHINGTON CLASS ACTION)

94.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

95.     RCW 49.12.010 provides:

The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

96.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

97.     Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

98.     WAC 296-126-092 provides:
(1)     Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2)     No employee shall be required to work more than five consecutive hours without a meal period.

(3)     Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(4)     Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5)     Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

99.     Defendant implemented a policy and practice of either failing to provide Plaintiff and Washington Class members with the meal and rest breaks to which they were entitled, failing to ensure those breaks were taken, failing to record missed breaks, and failing to pay for missed breaks.

100.    Because Plaintiff and Washington Class members were not provided a meal break, were not relieved of all duties during their meal breaks, and were subject to interruption during their meal breaks, they did not receive continuous meal breaks in accordance with WAC 296-126-092.

101.    Because Plaintiff and Washington Class members have failed to receive the meal and rest breaks to which they were entitled, Defendant has violated WAC 296-126-092.

102.    Because Plaintiff and Washington Class members were constantly engaged in work activities during their paid rest breaks in violation of WAC 296-126-092, Plaintiff and Washington Class members should be additionally compensated for ten (10) minutes each for each rest break missed. *See Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 287 P.3d 516 (2012).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

103.     Plaintiff and Washington Class members are entitled to recover wages at one and one-half times their regular hourly rate for all time owed by Defendant for missed rest and meal breaks that, when added to the other hours worked in a week, exceeded 40 hours.

104.     As a result of these unlawful acts, Plaintiff and the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Washington Class are entitled to the recovery of such damages, including interest thereon, and attorneys' fees and costs under RCW 49.48.030.

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.46.090**
**FAILURE TO PAY MINIMUM WAGES FOR**
**ALL HOURS WORKED**
**(WASHINGTON CLASS ACTION)**

105.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

106.     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount due to such employee, less any amount actually paid to the employee, and for costs and such reasonable attorney's fees as may be allowed by the court.

107.     As described above, Defendant enacted a policy and practice that deprived Plaintiff and Washington Class members of compensation for all hours worked, including for meal breaks not taken, missed rest breaks, and work duties performed "off-the-clock." As a result, Defendant failed to pay Plaintiff and Washington Class members all wages due in violation of RCW 49.46.090.

108.     As a result of the unlawful acts by Defendants, Plaintiff and the Washington Class have been deprived of regular and overtime compensation in an amount to be determined at trial. Pursuant to RCW 49.46.090 and RCW 49.48.030, Plaintiff and the Washington Class are entitled to recover attorneys' fees and costs of suit.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**FIFTH CLAIM FOR RELIEF**

**VIOLATIONS OF RCW 49.48.010**
**FAILURE TO PAY WAGES OWED AT TERMINATION**

109.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

110.     RCW 49.48.010 provides that "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

111.     By the actions alleged above, Defendant has violated and continues to violate the provisions of RCW 49.48.010.

112.     As a result of the unlawful acts of Defendants, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff and Class members are entitled to such damages, including interest thereon, as well as attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.52.050**
**WILLFUL REFUSAL TO PAY WAGES**
**(WASHINGTON CLASS ACTION)**

113.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

114.     RCW 49.52.050(2) provides that any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

115.     RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

116.     An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 22

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wash. 2d 841, 849 (2002) (quoting *Chelan Cnty. Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wash. 2d 282, 300 (1987)).

117.     Defendant willfully failed to pay all wages owed to Plaintiff and the Washington Class, including minimum and overtime wages, by allowing Plaintiff and the Washington Class to work for Defendant's benefit while "off-the-clock," by implementing an automatic time deduction policy and practice for meal periods that were subject to interruption, were not continuous, during which Technicians were on duty, and during which Technicians were not relieved of all duties during the meal period, and by requiring Plaintiff and Washington Class members to work through or be subject to interruption during their rest periods. Defendant knew or should have known that its employment policies violated Washington law, and its failure to pay wages owed to Plaintiff and the Washington Class was "willful" under RCW 49.52.050(2).

118.     Because Defendant's failure to pay wages owed was "willful," Plaintiff and the Washington Class are entitled to exemplary damages under RCW 49.52.070.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.52.060 AND WAC 296-126-028**
**(WASHINGTON CLASS ACTION)**

119.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

120.     Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from employee's wages except in limited circumstances.

121.     Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

122.     By the actions alleged above, Defendant has violated RCW 49.52.060 and WAC 296-126-028.

123.     As a result of the unlawful acts of Defendant, Plaintiff and the Washington Class have been deprived of compensation in amounts to be determined at trial. Pursuant to RCW 49.52.060 and WAC 296-126-028, Plaintiff and the Washington Class are entitled to recovery of

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  such damages, including interest thereon, as well as attorneys' fees under RCW 49.48.030 and

2  costs.

3                        **EIGHTH CLAIM FOR RELIEF**
                         **VIOLATION OF RCW 19.86**
4              **WASHINGTON CONSUMER PROTECTION ACT**
                      **(WASHINGTON CLASS ACTION)**
5

6       124.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

7       125.    Defendant engaged in unfair or deceptive acts or practices when it: (1) failed to

8  pay Plaintiff and the Washington Class members wages for off-the-clock work; (ii) failed to

9  provide rest and meal breaks to Plaintiff and the Washington Class or ensure such breaks were

10 taken; (iii) failed to pay Plaintiff and the Washington Class for the periods during which their

11 breaks were interrupted; (iv) failed to pay Plaintiff and the Washington Class for overtime

12 worked; (v) violated RCW 49.46.030; (vi) violated WAC 296-126-023; and (vii) violated WAC

13 296-126-092.

14      126.    Defendant's unfair or deceptive acts or practices repeatedly occurred in

15 Defendant's business, injured Plaintiff and the Washington Class, and impacted the public

16 interest because they injured other persons and had and have the capacity to injure other persons.

17      127.    As a result of Defendant's unfair and deceptive practices, Plaintiff and the

18 Washington Class are entitled, pursuant to RCW 19.86.090, to recover treble damages,

19 reasonable attorneys' fees, and costs.

20                       **NINTH CLAIM FOR RELIEF**
              **VIOLATIONS OF SMC 14.20.020 AND SMC 14.19.035**
21              **FAILURE TO PAY ALL COMPENSATION OWED**
                       **(SEATTLE CLASS ACTION)**
22

23      128.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

24      129.    SMC 14.20.020 provides that "[a]n employer shall pay all compensation owed to

25 an employee by reason of employment on an established regular pay day at no longer than

26 monthly payment intervals."

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

130.     SMC 14.20.025 provides that each time compensation is paid, an employer shall give written notice to the employee of all hours worked and all deductions taken by the employer for that pay period.

131.     SMC 14.20.030 provides that the employer must also retain payroll records that document all hours worked by each employee, including straight-time and overtime hours, and records of all deductions taken from the employee's wages each pay period.

132.     SMC 14.20.045 provides that the failure of an employer to comply with any requirement imposed upon it under Chapter 14.20 ("Wage Theft Ordinance") constitutes a violation of the ordinance.

133.     SMC 14.20.090(A) provides that "any person or class of persons that suffers financial injury as a result of a violation of [the Wage Theft Ordinance] . . . may be awarded reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, the payment of any unpaid compensation plus interest due to the person and liquidated damages in an additional amount of up to twice the unpaid compensation . . . ."

134.     Under the MWO, employers must pay employees who work in Seattle no less than the applicable minimum for each hour of work.  See SMC 14.19.030-.040.

135.     Defendant is an employer under the Seattle Wage Theft Ordinance and Seattle Minimum Wage Ordinance.

136.     By the actions alleged above, Defendant has violated the provisions of SMC 14.20.020 and SMC 14.19.030-.040.

137.     As a result of the unlawful acts of Defendant, Plaintiff and members of the Seattle Subclass have been deprived of compensation in amounts to be determined at trial, and Plaintiff and members of the Seattle Subclass are entitled to the recovery of such damages, including interest thereon, an additional amount of twice the unpaid compensation, and attorneys' fees and costs under SMC 14.20.090 and SMC 14.19.110.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**PRAYER FOR RELIEF**

2      138.    For these reasons, Plaintiff and Class and Collective members respectfully request

3  that judgment be entered in their favor awarding the following relief:

4      A.    An order preventing Defendant from retaliating in any way against Plaintiff and

5  any Class member who joins or elects not to opt-out of the present suit based on their pursuit of

6  these claims alleged herein;

7      B.    An order designating this action as a collective action on behalf of the Collective

8  and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

9      C.    An order finding that Defendant violated the FLSA;

10     D.    An order finding Defendant's violated the FLSA willfully;

11     E.    All unpaid wages due under the FLSA;

12     F.    An equal amount as liquidated damages as allowed under the FLSA;

13     G.    Reasonable attorneys' fees, costs, interest, and expenses of this action as provided

14  by the FLSA;

15     H.    An order certifying this case as a Class Action under Rule 23 of the Federal Rules

16  of Civil Procedure;

17     I.    An order finding that Defendant violated Washington law;

18     J.    All unpaid regular wages due under Washington law to the extent same does not

19  duplicate regular wages due under the FLSA;

20     K.    All unpaid overtime wages due under Washington law to the extent same does not

21  duplicate overtime wages due under the FLSA;

22     L.    An award of exemplary damages as provided by Washington law, to the extent

23  same does not duplicate liquidated damages due under the FLSA;

24     M.    An award of treble damages as provided by Washington law, to the extent same

25  does not unduly overlap with other amounts due;

26

27

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 26

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    N.      All compensatory damages due under Washington law, including lost wages,

2  earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff

3  and Washington Class members, together with interest on these amounts, according to proof;

4    O.      All damages due under Seattle law, including unpaid wages, interest thereon, an

5  additional amount of twice the unpaid compensation, and attorneys' fees and costs;

6    P.      All attorneys' fees, costs and disbursements as provided by Washington law;

7    Q.      Pre- and post-judgment interest in the amount of 12% per annum as provided by

8  Washington law; and

9    R.      Such other and further relief as this Court deems just and proper.

10    RESPECTFULLY SUBMITTED AND DATED this 8th day of May, 2020.

11                                  TERRELL MARSHALL LAW GROUP

12                                  By: /s/ Beth E. Terrell, WSBA #26759
13                                      Beth E. Terrell, WSBA #26759
                                        Email: bterrell@terrellmarshall.com
14
                                    TERRELL MARSHALL LAW GROUP
15
                                    By: /s/ Toby J. Marshall, WSBA #32726
16                                      Toby J. Marshall, WSBA #32726
17                                      Email: tmarshall@terrellmarshall.com
                                        936 North 34th Street, Suite 300
18                                      Seattle, Washington 98103-8869
                                        Telephone: (206) 816-6603
19                                      Facsimile: (206) 319-5450
20
                                        Carolyn H. Cottrell, *Pro Hac Vice Forthcoming*
21                                      Email: ccottrell@schneiderwallace.com
                                        Ori Edelstein, *Pro Hac Vice Forthcoming*
22                                      Email: oedelstein@schneiderwallace.com
                                        Michelle S. Lim, *Pro Hac Vice Forthcoming*
23                                      Email: mlim@schneiderwallace.com
                                        SCHNEIDER WALLACE
24                                      COTTRELL KONECKY LLP
25                                      2000 Powell Street, Suite 1400
                                        Emeryville, California 94608
26                                      Telephone: (415) 421-7100
27                                      Facsimile: (415) 421-7105

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF (CLASS AND COLLECTIVE ACTION) - 27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Sarah R. Schalman-Bergen,
*Pro Hac Vice Forthcoming*
Email: sschalman-bergen@bm.net
Krysten Connon, *Pro Hac Vice Forthcoming*
Email: kconnon@bm.net
Shoshana Savett, *Pro Hac Vice Forthcoming*
Email: stsavett@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

*Attorneys for Plaintiff*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com