Judge David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL RANDALL AND ALLEN FINNEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEGRATED COMMUNICATION SERVICE, INC.; COMCAST CORPORATION; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | Case No.: 3:20-cv-05438-DGE<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

The Motion for Preliminary Approval of Class and Collective Action Settlement filed by Plaintiffs Michael Randall and Allen Finney came for hearing in the above-captioned court, the Honorable David G. Estudillo presiding. Defendants do not oppose the Motion.

Plaintiffs allege that Defendants violated Federal, Washington, Oregon, and Colorado wage and hour laws with respect to a group of approximately 752 Technicians who were employed by Integrated Communication Service, Inc. and performed services for customers of Comcast Corporation and Comcast Cable Communications Management, LLC, as non-exempt Technicians. After formal discovery, informal discovery, and investigation by Plaintiffs' counsel, the Parties engaged in private mediations overseen by Cliff Freed and Judge Diane Welsh (Ret.) in an attempt to resolve the claims. Following the mediation sessions, and after months of settlement negotiations, the Parties reached a global settlement that resolves all the claims in the action as to the State Class and Collective members.

Plaintiffs now submit that the proposed Class and Collective Action Settlement Agreement is within the range of possible approval, the Notices of the Settlement to the Class are appropriate, and requests that the Court should schedule a formal fairness hearing, also known as a final approval hearing.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court **HEREBY ORDERS** as follows:

1. The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Class and Collective Action Settlement Agreement, attached as Exhibit 1 to the Declaration of Carolyn H. Cottrell in Support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement. The Court preliminary finds the terms of the Settlement are within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable as to the Class members when balanced against the probable outcome of further litigation relating to class certification, liability, and damages issues; (2) the Parties' counsel conducted significant discovery, investigation, research, and litigation to

1

ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT
*Randall v. Integrated Communication Service, Inc.*, Case No. 3:20-cv-05438-DGE

enable them to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; (4) the parties reached the proposed Settlement as the result of intensive, serious, and non-collusive negotiations between experienced counsel; and (5) the named Plaintiffs and Plaintiffs' Counsel have adequately represented the State Classes. Accordingly, the Court preliminarily finds that the parties entered the Class Action Settlement in good faith.

3. The Court hereby GRANTS conditional certification of the provisional State Classes, in accordance with the Settlement, for the purposes of this Settlement only. The State Classes are defined as: (a) all individuals employed by ICS in the State of Colorado who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2017 and August 26, 2021 ("Colorado Class"); (b) all individuals employed by ICS in the State of Oregon who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2014, and August 26, 2021 ("Oregon Class"); and (c) all individuals employed by ICS in the State of Washington who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2016, and August 26, 2021 ("Washington Class").

4. The Court hereby GRANTS approval of the terms and conditions contained in the Settlement as to the Collective. The Court finds the terms of the Settlement are a fair and reasonable resolution of a *bona fide* dispute and that the terms of the Settlement are within the range of possible approval pursuant to the Fair Labor Standards Act and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation relating to certification, liability, and damages issues, and potential appeals; (2) the Parties' Counsel conducted significant discovery, investigation, research, and litigation to enable them to reasonably evaluate their respective positions; (3) settlement at this time will avoid

substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the Parties reached the proposed Settlement as the result of intensive, serious, and non-collusive negotiations. Accordingly, the Court finds that the parties entered the Settlement in good faith.

6. The Court conditionally certified in its January 25, 2022 order (Dkt. No. 66; *see also,* Dkt No. 73), and the Court now finally certifies the Collective pursuant to 29 U.S.C. § 216(b) for Settlement purposes only. The Collective is defined as all individuals employed by ICS who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2017, and August 26, 2021, and whose opt-in consent form has been filed in this Action.

7. The Court hereby authorizes the retention of Phoenix Class Action Administration Solutions as the Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated to be $16,250.

8. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky LLP and Berger Montague PC as Class Counsel for the State Classes and as Counsel for the Collective, and the Court hereby conditionally appoints Plaintiffs Michael Randall and Allen Finney as the Class Representatives and as Collective representatives for the Collective.

9. The Court hereby APPROVES the Notice of Settlement attached to the Settlement as Exhibits A-B. The Court finds the Notice of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notice of Settlement fully and accurately informs the State Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds the Notice of Settlement fully and accurately informs the Collective Members of all material elements of the proposed Settlement.

10. The Court hereby authorizes dissemination of the Notice of Settlement to the Settlement Class Members. Subject to the terms of the Settlement, the Settlement Administrator shall send the Notice of Settlement via first-class mail and email (if email addresses are available), using the most current mailing and email addresses identified within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to the proposed Notice of Settlement that are consistent with the terms of the Settlement and this Order.

11. The Court hereby APPROVES the proposed procedure for Class Members to request exclusion from the Rule 23 component of the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any Class Member who submits a written exclusion shall not be a Member of the Class, shall be barred from participating in the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

12. ~~The Court preliminarily APPROVES Plaintiffs' request for an award of attorneys' fees in the amount of one-third of the Gross Settlement Amount (i.e., $733,333.33).~~ The Court ORDERS that Plaintiff's counsel shall file a motion for approval of the fee and cost award, and of the service award to the Class Representatives, with the appropriate declarations and supporting evidence, by December 12, 2023, to be heard at the same time as the motion for final approval of the Settlement.

13. The Court ORDERS that Plaintiffs' counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, by December 12, 2023, including a declaration setting forth the Class Members' identities who request exclusion from the Settlement, prior to the Final Approval Hearing.

14. The Court further ORDERS that each Class Member shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on January 12, 2024 in this Court. Any member of the Class seeking to object to the

proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiffs' counsel and Defendants' counsel.

Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notice of Settlement and adopts the following dates and deadlines:

| **Event** | **Deadline** |
|---|---|
| Deadline for ICS to provide Settlement Administrator with the Class List | Within five (5) business days after the Court's preliminary approval of the Settlement |
| Deadline for Settlement Administrator to mail by first class mail and email the Notice to Settlement Class Members | Within ten (10) business days after receiving the Class List |
| Deadline for State Class Members to object to or opt out of the Settlement, or for Settlement Class Members to submit any disputes ("Notice Deadline") | Within 60 calendar days after initial mailing of the Notice to the Settlement Class Members |
| Deadline for Settlement Administrator to provide all counsel with its report regarding Participating Individuals | Within ten (10) business days after the Notice Deadline |
| Final Approval Hearing | As provided above |
| Effective Date | Either (i) if any timely objection is filed to the Settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if any timely objection and appeal by an objector is filed, then after any appeal is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) if there are no timely objections to the Settlement, or if any objections that were filed are withdrawn before the date of final approval, then the first business day after the Court's order granting Final Approval of the Settlement, whichever is latest |

5

ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT
*Randall v. Integrated Communication Service, Inc.*, Case No. 3:20-cv-05438-DGE

| Event | Deadline |
|---|---|
| | |
| Deadline for Defendants to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 21 calendar days after Effective Date |
| Deadline for Settlement Administrator to make payments under the Settlement to Participating Individuals, Settlement Class Representatives, Class Counsel, and itself | Within 45 calendar days after the Effective Date |
| Check-cashing deadline | 180 calendar days after issuance |
| Deadline for Settlement Administrator to provide Post-Judgment Report | As soon as practicable after check-cashing deadline |

15. The Court further ORDERS that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

16. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

**IT IS SO ORDERED.**

Dated this 6th day of September 2023.



David G. Estudillo
United States District Judge