Judge David G. Estudillo

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

MICHAEL RANDALL AND ALLEN
FINNEY,
on behalf of themselves and all others similarly
situated,

           Plaintiffs,

      vs.

INTEGRATED COMMUNICATION
SERVICE, INC.; COMCAST
CORPORATION; AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC,

          Defendants.

Case No.: 3:20-cv-05438-DGE

**PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT**

NOTED FOR HEARING DATE:
January 12, 2024

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND ...............................................................................2

III.   PROCEDURAL HISTORY..................................................................................3

IV.    NOTICE OF SETTLEMENT AND RESPONSE OF CLASS MEMBERS ........................4

V.     TERMS OF THE SETTLEMENT.......................................................................6

       A.    Basic Terms and Value of the Settlement..................................................6

       B.    Class and Collective Definitions.................................................................6

       C.    Allocations and Awards...............................................................................7

       D.    Scope of Release and Final Judgment ........................................................8

VI.    ARGUMENT.........................................................................................................9

       A.    Ninth Circuit Precedent Favors and Encourages Class Settlements...........9

       B.    The Best Practicable Notice Was Provided to the Class Members .........10

       C.    The Settlement Readily Warrants Final Approval....................................11

             1.    The Settlement is the Product of Informed, Non-Collusive, and
                   Arm's Length Negotiations............................................................12

             2.    The Class Members Overwhelmingly Support the Settlement....................13

             3.    The Strengths of Plaintiffs' Case and the Amount of Settlement
                   Warrants Approval.........................................................................14

             4.    The Action Involves Significant Risk and the Possibility of
                   Extensive Further Litigation .........................................................15

             5.    Wide-Ranging Formal and Informal Discovery Has Been
                   Completed.......................................................................................18

             6.    Class Counsel are Highly Experienced.........................................18

       D.    Plaintiffs and the Collective Members Are Similarly Situated................19

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - i

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E.    The Class Representative Service Payments and Requested Attorneys' Fees and Costs are Reasonable ...................................................................................20

F.    The Court Should Finally Certify the Classes ..........................................................21

VII.   THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE................................23

VIII.  CONCLUSION.............................................................................................................................23

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - ii

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

# TABLE OF AUTHORITIES

1

2

## CASES

3

*Amaraut v. Sprint/United Mgmt. Co.*,
   No. 19-cv-411-WQH-AHG, 2021 WL 3419232

4

   (S.D. Cal. Aug. 5, 2021)..............................................................................10

5

*Balderas v. Massage Envy Franchising, LLC*,

6

   No. 12-cv-06327 NC, 2014 WL 3610945

7

   (N.D. Cal. July 21, 2014) ..........................................................................14

8

*Boyd v. Bechtel Corp.*,

9

   485 F. Supp. 610, 617, 625 (N.D. Cal. 1979)..........................................18

10

*Carter v. Anderson Merchandisers, LP*,
   No. EDCV 08-0025-VAP OPX, 2010 WL 1946784

11

   (C.D. Cal. May 11, 2010) ..........................................................................19

12

*Churchill Vill., L.L.C. v. Gen. Elec.*,

13

   361 F.3d 566 (9th Cir. 2004)......................................................................11

14

*Clifton v. Babb Constr. Co.*,

15

   No. 6:13-cv-1003 MC, 2014 WL 5018897

16

   (D. Or. Oct. 1, 2014) ..................................................................................10

17

*Cody v. Hillard*,
   88 F.Supp.2d 1049 (D.S.D. 2000)..............................................................13

18

*Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*,

19

   No. 13-cv-05456-HSG, 2016 WL 153266

20

   (N.D. Cal. Jan. 13, 2016)............................................................................19

21

*Franklin v. Kaypro Corp.*,

22

   884 F.2d 1222 (9th Cir. 1989).....................................................................9

23

*Fry v. Hayt*,
   198 F.R.D. 461 (E.D. Pa. 2000) ...........................................................21, 22

24

25

*Grewe v. Cobalt Mortg., Inc.*,
   No. 16-cv-0577-JCC, 2016 WL 4014114

26

   (W.D. Wash. July 27, 2016) .......................................................................19

27

28

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - iii

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

*Grunin v. Int'l House of Pancakes*,
    513 F.2d 114 (8th Cir. 1975) ..................................................................................11

*Guilbaud v. Sprint Nextel Corp.*,
    No. 3:13-cv-04357-VC, 2016 WL 7826649
    (N.D. Cal. Apr. 15, 2016) ......................................................................................10

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ......................................................................9, 18, 22

*Hill v. Xerox Corp.*,
    No. C12-0717-JCC, 2014 U.S. Dist. LEXIS 94612
    (W.D. Wash. July 10, 2014) ..................................................................................16

*Hunichen v. Atonomi LLC*,
    No. C19-0615-RAJ-SKV, 2021 U.S. Dist. LEXIS 239909
    (W.D. Wash. Nov. 12, 2021) ..................................................................................14

*Ikonen v. Hartz Mountain Corp.*,
    122 F.R.D. 258 (S.D. Cal. 1988) ............................................................................21

*In re Am. Bank Note Holographics, Inc.*,
    127 F.Supp.2d 418 (S.D.N.Y. 2001) ......................................................................13

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ............................................................................13, 20

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ..................................................................................14

*Jones, et al. v. CertifiedSafety, Inc.*,
    No. 3:17-cv-02229-EMC (N.D. Cal. June 1, 2020) ...............................................10

*Kavu, Inc. v. Omnipak Corp.*,
    246 F.R.D. 642 (W.D. Wash. 2007) .......................................................................22

*Koike v. Starbucks Corp.*,
    No. C 06-3215 VRW, 2008 U.S. Dist. LEXIS 115164 (N.D. Cal. June 20, 2008),
    *aff'd*, 378 F. App'x 659 (9th Cir. 2010) ...............................................................16

*Langford v. Devitt*,
    127 F.R.D. 41 (S.D.N.Y. 1989) ..............................................................................11

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - iv

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

*Lewis v. Starbucks Corp.*,
No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690
(E.D. Cal. Sept. 11, 2008) .............................................................................18

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) .....................................................................19

*Ma v. Covidien Holding, Inc.*,
No. SACV 12-02161-DOC, 2014 WL 360196
(C.D. Cal. Jan. 31, 2014) ...............................................................................14

*Mandujano v. Basic Vegetable Prod., Inc.*,
541 F.2d 832 (9th Cir. 1976) ...................................................................11, 13

*Monterrubio v. Best Buy Stores, L.P.*,
291 F.R.D. 443 (E.D. Cal. 2013) ...................................................................18

*O'Connor v. Uber Techs., Inc.*,
No. 13-cv-03826-EMC, 2019 WL 4394401
(N.D. Cal. Sep. 13, 2019) ...............................................................................10

*Officers for Justice v. Civil Service Com.*,
688 F.2d 615 (9th Cir. 1982) .........................................................10, 11, 12, 20

*Otey v. CrowdFlower, Inc.*,
No. 12-cv-05524-JST, 2015 WL 6091741
(N.D. Cal. Oct. 16, 2015) ...............................................................................19

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ..........................................................................14

*Roes, 1–2 v. SFBSC Mgmt., LLC*,
944 F.3d 1043 (9th Cir. 2019) ........................................................................20

*Soto, et al. v. O.C. Commc'ns., Inc., et al.*,
No. 3:17-cv-00251-VC (N.D. Cal. Oct. 23, 2019) ........................................10

*Stovall-Gusman v. W.W. Granger, Inc.*,
No. 13-cv-02540-HSG, 2015 WL 3776765
(N.D. Cal. June 17, 2015) ...............................................................................14

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370 (9th Cir. 1993) ............................................................................11

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - v

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

*Viceral v. Mistras Grp., Inc.*,
  No. 15-cv-02198-EMC, 2017 WL 661352
  (N.D. Cal. Feb. 17, 2017) ........................................................................................10, 14

*Villafan v. Broadspectrum Downstream Servs., Inc.*,
  No. 18-cv-06741-LB, 2020 WL 6822908
  (N.D. Cal. Nov. 20, 2020) ...............................................................................................16

*Wage & Hour Emp. Pracs. Litig.*,
  289 F.R.D. 526 (N.D. Cal. 2012),
  *aff'd*, 789 F. App'x 9 (9th Cir. 2019) ............................................................................16

*Wang v. Chinese Daily News, Inc.*,
  737 F.3d 538 (9th Cir. 2013) ......................................................................................21, 22

*Wren v. RGIS Inventory Specialists*,
  No. C-06-05778 JCS, 2011 WL 1230826
  (N.D. Cal. Apr. 1, 2011) ...................................................................................................19

## STATUTES

28 U.S.C. § 1715 ...........................................................................................................................4

29 U.S.C. § 260 ...........................................................................................................................17

29 U.S.C. §§ 201, *et seq.* ..........................................................................................................2, 8

Fed. R. Civ. P. 23(a) .....................................................................................................................9

Fed. R. Civ. P. 23(a)(1) ..............................................................................................................21

Fed. R. Civ. P. 23(a)(2) ..............................................................................................................21

Fed. R. Civ. P. 23(b)(3) .........................................................................................................21, 22

Fed. R. Civ. P. 23(e) .....................................................................................................................9

Fed. R. Civ. P. 23(e)(2) ...........................................................................................................9, 11

Fed. R. Civ. P. 23(e)(3) ..............................................................................................................12

Fed. R. Civ. P. 30(b)(6) ...........................................................................................................6, 18

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - vi

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

1

## TREATISES

2

Manual for Complex Litigation (4th ed. 2004) .................................................................................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - vii

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

## I.    INTRODUCTION

Plaintiffs Michael Randall and Allen Finney (together, "Plaintiffs") hereby move for final approval of the Class and Collective Action Settlement Agreement (the "Settlement Agreement" or "Settlement"), ECF 115-1. The Settlement resolves all of the claims in this action on a class and collective basis. As such, Plaintiffs move for an Order:[1]

(1) granting final approval of the Settlement Agreement;

(2) finally certifying the Class for settlement purposes;

(3) finally appointing and approving Schneider Wallace Cottrell Konecky LLP ("SWCK") and Berger Montague PC ("BMPC") as Counsel for the State Classes and Opt-In Plaintiffs;

(4) finally appointing and approving Plaintiffs Michael Randall and Allen Finney as Class Representatives and as Collective representatives for the Collective;

(5) finally approving payment to Phoenix Class Action Administration Solutions ("Phoenix") in the amount of $16,250 for its services as Settlement Administrator; and

(6) finally approving the implementation schedule, below.

This action is based on Defendants' alleged violations of federal, state, and local wage and hour laws[2], which Plaintiffs allege resulted in the underpayment of wages and the failure to provide compliant meal and rest periods to hundreds of ICS's former non-exempt employees working as Technicians in providing installation services to customers of Comcast. The Classes and Collective encompass: (a) all individuals employed by ICS in the State of Colorado who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2017 and August 26, 2021 ("Colorado Class"); (b) all individuals employed by ICS in the State of Oregon who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2014, and August 26, 2021 ("Oregon Class"); (c) all

---

[1] Plaintiffs bring this Motion under Rule 23(e) and the long-established precedent requiring Court approval for Fair Labor Standards Act ("FLSA") settlements. The Motion is based on the incorporated Memorandum of Law herein, and accompanying Declaration of Ori Edelstein ("Edelstein Decl."), Declaration of Lane L. Vines ("Vines Decl."), Declaration of Kevin Lee of Phoenix Settlement Administrators ("Lee Decl."), and all other records, pleadings, and papers on file in the action and such other evidence or argument as may be presented to the Court at the hearing on this Motion. Plaintiffs also submit a proposed Final Approval Order and Judgment with the moving papers.
[2] Defendants include Integrated Communication Service, Inc. ("ICS"), and Comcast Corporation and Comcast Cable Communications Management, LLC (together, "Comcast").

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 1

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

individuals employed by ICS in the State of Washington who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2016, and August 26, 2021 ("Washington Class"); and (d) the 195 individuals employed by ICS who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2017, and August 26, 2021, and whose opt-in consent form has been filed in this Action ("Collective").

The Court granted preliminary approval of the $2,200,000.00 non-reversionary Settlement on September 6, 2023. The Settlement resolves the claims of approximately 752 Technicians who were employed by ICS and performed services for customers of Comcast, as non-exempt Technicians. Overall, the average recovery will be approximately $1,849 per Technician. The Class Member with the largest award will receive an impressive $9,462. With these considerable awards, the response of the Class Members has been resoundingly favorable—to date, no Class Members have objected to the Settlement, and none have opted out.

Given the excellent recoveries, the positive response of the Class, and the significant monetary payments the Settlement will provide, Class Counsel respectfully submits that the Court should approve the Settlement. By any measure, the Settlement provides a great benefit to the Class and Collective and an efficient outcome in the face of expanding litigation. It is fair, reasonable, and adequate in all respects. As set forth herein, the Settlement should be finally approved.

## II.    FACTUAL BACKGROUND

Before it ceased operations on August 26, 2021, Defendant ICS installed and maintained communications products for Defendant Comcast. *See* ECF 26, First Amended Complaint for Damages and Declaratory Relief ("FAC"), ¶¶ 30-32, 60; *see also,* Cottrell Decl., ¶ 22. Plaintiffs and the Settlement Class Members performed work for Defendants and allege that they were jointly employed by Defendants as "Technicians." FAC, ¶¶ 41-58, 61.

Plaintiffs assert their claims on behalf of similarly situated persons for claims arising under Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the wage and hour laws of Washington, Oregon, and Colorado. Specifically, Plaintiffs allege that they and other Technicians routinely worked more than 40 hours per week, typically between 10 to 14 hours a day, 6 days per

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 2

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

week. *Id.*, ¶¶ 65-67. Plaintiffs allege that Defendants failed to compensate employees for off-the-clock work, or time spent working before clocking in or time spent working after clocking out, changed job codes to lower paying codes, manipulated time records so that employees' hours were significantly underreported, and failed to provide employees with proper meal and rest breaks. *Id.*, ¶¶ 68-73, 76-88. Plaintiffs also allege that Defendants required employees to incur numerous work-related expenses, including tools and supplies, that Defendants failed to reimburse. *Id.*, ¶¶ 89-95.

Defendants have at all times denied, and continue to deny, these allegations, and deny all liability for Plaintiffs' claims. ECF 25, 33, 46; Cottrell Decl., ¶ 23; Settlement, ¶ 7. Defendants further deny that Plaintiffs' allegations are appropriate for class/collective treatment for any purpose other than for settlement purposes only. Settlement, ¶ 9.

## III.    PROCEDURAL HISTORY

On May 8, 2020, Plaintiff Michael Randall initiated this litigation by filing a class and collective complaint (ECF 1) against ICS, asserting claims under the FLSA and Washington wage and hour laws. On July 24, 2020, Plaintiffs Michael Randall and Allen Finney filed the First Amended Complaint ("FAC") (ECF 26), which added Plaintiff Finney as a named plaintiff, wage and hour class claims under Seattle ordinances and Colorado and Oregon laws, and Comcast as additional named defendants.

On September 24, 2020, Plaintiffs filed a motion to conditionally certify the collective and facilitate notice under the FLSA. ECF 50. That motion was granted in part on June 8, 2021. ECF 75, 80. Two Collective definitions were conditionally certified.[3] A total of 195 individuals filed FLSA opt-in consent forms in this litigation ("Opt-In Plaintiffs"). *See, e.g.,* ECF 101.

The Parties proceeded to formal discovery; each side propounded comprehensive requests and the Parties engaged in extensive meet and confer efforts. Cottrell Decl., ¶¶ 7-13. The Parties also engaged in extensive informal discovery leading up to mediation. Defendant ICS and

---

[3] The conditionally certified Collectives include: (1) all current and former non-exempt employees of ICS working as Technicians who do not perform work for Comcast throughout the United States during the time period three years prior to the filing of the original complaint until resolution of this action; and (2) all current and former non-exempt employees of ICS working as Technicians who also perform work for Comcast throughout the United States during the time period three years prior to the filing of the original complaint until resolution of this action. ECF 75, at 17 (citing ECF 50, at 1).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 3

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

Defendant Comcast produced approximately 3,500 and 567 documents respectively, which included general policies as well as time records, payroll records, disciplinary records, personnel records, and contracts between ICS and Comcast. *Id.*, ¶¶ 8-9. ICS further provided class-wide figures, including the total number of class members, total workweeks, and additional data points, which enabled Class Counsel to evaluate damages on a class and collective basis. *Id.*, ¶ 8.

Class Counsel additionally completed an extensive investigation, including over 100 in-depth interviews with Settlement Class and Collective. *Id.*, ¶ 10. Class Counsel completed an exhaustive review of these documents and information, and used the information and data from them to prepare for mediation. *Id.*, ¶¶ 11-13.

The Parties first mediated this dispute on March 9, 2021, before Cliff Freed, an experienced wage and hour mediator. *Id.*, ¶ 15.This initial mediation was unsuccessful, and the Parties continued to engage in numerous arm's-length negotiations. *Id.* On June 22, 2022, the Parties participated in a full-day mediation before respected wage and hour mediator Judge Diane Welsh (Ret.). *Id.*, ¶ 16. That day, the parties ultimately agreed to a mediator's proposal issued by Judge Welsh, and they executed a memorandum of understanding containing the essential terms of the instant Settlement on September 22, 2022. *Id.*

As the Settlement is complex, involving hybrid Rule 23 and FLSA claims, it took the Parties several months to finalize a long-form Settlement Agreement and corresponding notice documents. *Id.*, ¶ 17. The parties finalized and executed the Settlement Agreement on February 17, 2023. *Id.*, ¶ 18; Settlement. Plaintiffs filed their motion for preliminary approval on March 3, 2023. ECF 114. Thereafter, the Court issued its order granting Plaintiffs' preliminary approval motion on September 6, 2023. ECF 118.[4]

## IV.    NOTICE OF SETTLEMENT AND RESPONSE OF CLASS MEMBERS

Following the Court's preliminary approval order, the Settlement Administrator, Phoenix, received the Class and Collective data from ICS, which contained the names, last known mailing addresses, last known personal email addresses (to the extent available), social security numbers,

---

[4] Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), ICS's counsel confirmed that they served CAFA notice on the U.S. Attorney General and all applicable state Attorneys General on March 9, 2023. Cottrell Decl., ¶ 24.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 4

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

and workweeks for the Class Members. Declaration of Kevin Lee ("Lee Decl.), ¶ 3. On September 26, 2023, Phoenix disseminated the Settlement Notices via U.S. Mail and via email to all email addresses provided. *Id*., ¶ 5. Phoenix sent the notice packet by U.S. Mail to 752 recipients, and by email to 644 recipients. *Id*. Phoenix also established a case website, https://www.icssettlement.com/, which provides Settlement documents and information. *See id*., Ex. A, at 1; Cottrell Decl., ¶ 27. Phoenix also established a toll-free call center and provided an email address to field questions, address updates, and other inquiries from Class Members. *See* Lee Decl., Ex. A, at 1; Cottrell Decl., ¶ 27.

In order to include such information on the notices, Phoenix first calculated the individual settlement payments for every Class Member using the workweek data provided by Defendants. Lee Decl., Ex. A., at 2. The notices informed the Class Members of: the Settlement terms; their expected share for both the Class allocation and the FLSA allocation; the deadline to submit objections, Requests for Exclusions, and disputes; the January 12, 2024 final approval hearing; the names and contact information for Class Counsel and Defendants' Counsel; that Plaintiffs would seek attorneys' fees, costs, and the service awards and the corresponding amounts; and the URL for the case website and the toll-free call center number in the notice mailing. *Id*., at 1-5; *see also* Settlement, at 26-42.

Phoenix performed skip-tracing and other techniques to identify current or new mailing addresses, and approximately 200 notice packets were successfully re-mailed. *Id*., ¶¶ 4, 6. As of December 11, 2023, only 28 hard copy notice packets have been returned to Phoenix as undeliverable without a forwarding address. *Id*. at ¶¶ 6-7. The deadline for Class Members to opt out, object, and dispute their reported workweeks expired on November 25, 2023. *Id.*, ¶¶ 8-10. ***To date, not a single dispute, objection, or request for exclusion from the Settlement has been submitted***. *Id*., ¶¶ 8-10; Cottrell Decl., ¶ 29.

In addition to distributing the Settlement Notices, Phoenix is responsible for calculating individual settlement payments; calculating all applicable payroll taxes, withholdings, and deductions; preparing and issuing all disbursements to be paid to Participating Class Members, the Class Representatives, Class Counsel, and federal and local tax authorities; timely preparation and

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 5

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

filing of tax reporting; and handling inquiries and/or disputes from Class Members. Settlement, ¶ 15.

## V.    TERMS OF THE SETTLEMENT

### A.  Basic Terms and Value of the Settlement

Defendants have agreed to pay a non-reversionary Gross Settlement Amount of $2,200,000 to settle all aspects of the case. Settlement, ¶ 2.p. The Net Settlement Amount, which is the amount available to pay settlement awards to the Settlement Class Members, is defined as the portion of the Gross Settlement Amount remaining after deducting Service Awards to the named Plaintiffs (up to $15,000 each to Plaintiffs Randall and Finney, for $30,000.00 total), Settlement Administration Costs (estimated at $16,250), Class Counsel's Fee Award (up to one-third of the Gross Settlement Amount, or $733,333.33), and reimbursement of Class Counsels' Costs (up to $30,000; Plaintiffs, however, are only requesting $28,226.11). Settlement, ¶¶ 2.r, 2.y, 2.aa, 2.c, 2.l; Cottrell Decl., ¶ 31; Lee Decl., ¶ 16. The Net Settlement Amount is currently estimated to be $1,392,190.56. Cottrell Decl., ¶ 31; *see* Settlement, ¶ 2.u.

Plaintiffs and their counsel have demonstrated their commitment to adequately representing the Settlement Class in this litigation and in obtaining this Settlement. Plaintiffs and Class Counsel thoroughly analyzed and investigated the claims at issue and their respective potential defenses. This investigation was performed after an extensive analysis and review of substantial informal discovery obtained in this litigation, including thousands of documents, class-wide data points, two days of Fed. R. Civ. P. 30(b)(6) deposition, and well over 100 in-depth interviews with class members, representing nearly 20% of the entire Settlement Class. *See* Cottrell Decl., ¶¶ 7-13.

### B.  Class and Collective Definitions

Participating Class Members and Opt-In Plaintiffs will share in the Settlement. In total, the Settlement Class – *i.e.*, the State Classes and the Collective – include a total of 752 unique individuals. Cottrell Decl., ¶ 25. The State Classes are comprised of 735 employees, and include those who were employed by ICS in the states of Colorado, Oregon, and Washington, and performed services for customers of Comcast as non-exempt Technicians. Settlement, ¶¶ 2.f, 2.t, 2.ee, 2.ff. The Collective is comprised of 195 employees, many overlapping with the State Class Members. *Id.*, ¶

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 6

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

2.e.

### C.  Allocations and Awards

The Net Settlement Amount is approximately $1,392,190.56, assuming that the Court approves the fees ($733,333.33), costs ($28,226.11), and service awards ($15,000 each to Plaintiffs Randall and Finney, for $30,000.00 in total), as requested. *See* Cottrell Decl., ¶ 31; Settlement, ¶¶ 2.r, 2.y, 2.aa, 2.c, 2.l, 2.u.

Participating Individuals (*i.e.*, State Class Members who do not timely exclude themselves from the Settlement and Collective Members who cash or deposit their checks) will each receive a settlement award check without the need to submit a claim form.[5] Each Participating Individual's settlement share will be determined as a pro-rata share of the Net Settlement Amount based on the total number of workweeks each Participating Individual worked for Defendants at any time: (1) between May 8, 2018 and August 26, 2021 in Colorado; (2) between May 8, 2014 and August 26, 2021 in Oregon; (3) between May 8, 2016 and August 26, 2021 in Washington; and (4) between May 8, 2017 and August 26, 2021 in the United States excluding the states Colorado, Oregon, and Washington. Settlement, ¶ 27.

To ensure fairness, the Parties have agreed to allocate the settlement proceeds amongst Settlement Class Members in a manner that recognizes that amount of time each Settlement Class Member worked for ICS during the applicable limitations period. Cottrell Decl.*,* ¶ 51. The allocation method, which is based on the Settlement Class Members' total workweeks, will ensure that longer-tenured workers receive a greater recovery and tracks the differences in substantive law and penalty claims by weighing the workweek shares more heavily for work performed in Colorado, Oregon, and Washington. Each workweek during which work was performed in the United States will be equal to one settlement share, but to reflect the increased value of state law claims and differing average rates of pay by state, workweeks during which work was performed in: (1) Colorado will be equal to 1.8 settlement shares, (2) Oregon will be equal to 1.2 settlement shares, and (3) Washington will be equal to 2.2 settlement shares. *Id.,* ¶ 52. The total number of settlement shares

---

[5] However, only Collective Members will be credited for work in other states, as the damages for work in those states are attributable to FLSA claims only. *See* Settlement, ¶¶ 2.e, 2.u, 27.a.ii.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 7

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

(as weighted) for all Participating Individuals will be added together and the Net Settlement Amount will be divided by that total to reach a per share dollar figure, which will then be multiplied by each Participating Individual's number of settlement shares (as weighted) to determine his or her individual settlement payment. Settlement, ¶¶ 27.a.iii, 27.a.iv. To the extent that any Settlement Class member is also an Opt-In Plaintiff, he or she will only receive a recovery based on their workweeks as a Settlement Class Member for their work in their respective state, and will not receive a "double recovery." *Id.,* ¶ 27.a.iii; Cottrell Decl., ¶ 53.

Settlement awards to Participating Individuals will be paid by the Settlement Administrator within 45 days after the occurrence of the "Effective Date," and the checks will remain valid for 180 days from the date of their issuance. Settlement, ¶¶ 23, 33. Because this is a non-reversionary settlement, any settlement amounts that are returned as undeliverable or are not negotiated by the Class Members at the conclusion of the 180-day check void period will revert to the Parties' agreed-upon *cy pres* beneficiary, National Employment Law Project, a national nonprofit legal and policy advocacy organization that protects employees. *Id.,* ¶ 34.a; *see also* Cottrell Decl., ¶ 50.[6] Upon completion of administration of the Settlement, the Settlement Administrator will provide a Post-Distribution Accounting. Settlement, ¶ 34.b.

### D. Scope of Release and Final Judgment

The releases contemplated by the proposed Settlement are dependent upon whether the Participating Individual is a Collective Member and/or a State Class Member, and are tethered to the factual allegations of this action. *See* Settlement, ¶ 37. The releases are effective upon final approval of the Settlement and payment of the Gross Settlement Amount. *Id.,* ¶ 12.

Collective Members who cash or deposit their settlement award checks shall release all Releasees from all claims under the FLSA, 29 U.S.C. §§ 201, *et seq.*, based on or arising out of the factual predicates described in the FAC, between May 8, 2017, and August 26, 2021. *Id.,* ¶¶ 2.u, 12.a.

State Class Members who do not timely and validly request exclusion from the Settlement

---

[6] The National Employment Law Project (https://www.nelp.org/) is a national nonprofit legal and policy advocacy organization that protects employees, like at issue in this case. *See* ECF 114 at 5. *See also* ECF 115, Declaration of Carolyn H. Cottrell, ¶ 20; ECF 115-2, Declaration of Catherine K. Ruckeshaus.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 8

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

shall release the Releasees from any and all claims that are or could have been alleged in the FAC, based on the factual allegations contained therein. *See id*., ¶ 12. State Class Members who are not Opt-In Plaintiffs and who cash, deposit, or otherwise negotiate their Settlement Award checks shall also release all claims against the Releasees under the FLSA, arising from or related to their work for Defendants in the States of Colorado, Washington, and/or Oregon, based on these same factual predicates. *Id.,* ¶ 12.e. State Class Members who do not cash or deposit their Settlement Award checks shall not release any claims against the Released Parties under the FLSA. *Id.,* ¶¶ 12.f, 33.

The Settlement Class Representatives – Plaintiffs Randall and Finney – also agree to a general release. *Id*., ¶ 14.[7]

## VI.    ARGUMENT

### A.  Ninth Circuit Precedent Favors and Encourages Class Settlements

A certified class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e). Approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement upon a written motion; (2) dissemination of notice of the settlement to all class members; and (3) a final settlement approval hearing at which objecting class members may be heard, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, *supra*, at 1020.

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public

---

[7] *See also* Declaration of Michael Randall ("Randall Decl."), ¶¶ 15-16; Declaration of Allen Finney ("Finney Decl."), ¶¶ 16-17 submitted herewith.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 9

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

1    interest in settling and quieting litigation. This is particularly true in class action suits."). Moreover,

2    when reviewing a motion for approval of a class settlement, the Court should give due regard to

3    "what is otherwise a private consensual agreement negotiated between the parties," and must

4    therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement

5    is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that

6    the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for*

7    *Justice v. Civil Service Com.*, 688 F.2d 615 (9th Cir. 1982) at 625.

8        Applying this standard of review to other federal and state-law wage and hour class actions,

9    federal courts in the Ninth Circuit routinely approve class and collective settlements similar to that

10   reached in this case. *See, e.g., Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG,

11   2021 WL 3419232, at *9 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that

12   included both FLSA and Washington law claims); *Jones, et al. v. CertifiedSafety, Inc.*, No. 3:17-cv-

13   02229-EMC, ECF 232 (N.D. Cal. June 1, 2020) (same); *Soto, et al. v. O.C. Commc'ns., Inc., et al.*,

14   No. 3:17-cv-00251-VC, ECF 299, 305 (N.D. Cal. Oct. 23, 2019) (same).[8] Likewise, in its September

15   6, 2023 order, the Court already granted preliminary approval and conditionally certified the Classes

16   for settlement purposes. *See* ECF 118. Accordingly, the only step that remains is final approval of

17   the Settlement, which should be granted pursuant to Ninth Circuit case law and numerous decisions

18   of federal district courts.

19           **B.  The Best Practicable Notice Was Provided to the Class Members**

20       Pursuant to the Court's September 6, 2023 preliminary approval order, Phoenix sent the

21   Court-approved Class and Collective Notice Packets to the Class Members in accordance with the

22   terms of the Settlement. *See* Lee Decl., ¶¶ 2-12. The Notices were sent via U.S. Mail and email, and

23   Phoenix established a case website where Class Members can view the Settlement and

24   accompanying court filings. *See id.*, ¶ 5; *id.*, Ex. A. The notice process was robust, with over 752

25

26   ───────────────
     [8] *See also O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 4394401, at *4 (N.D. Cal. Sep. 13, 2019)
27   (granting final approval of a settlement that included both FLSA and California Labor Code claims); *Viceral v. Mistras
     Grp., Inc.*, No. 15-cv-02198-EMC, 2017 WL 661352, at *1-2 (N.D. Cal. Feb. 17, 2017) (same); *Guilbaud v. Sprint
     Nextel Corp.*, No. 3:13-cv-04357-VC, 2016 WL 7826649, at *1 (N.D. Cal. Apr. 15, 2016) (same); *Clifton v. Babb
28   Constr. Co.*, No. 6:13-cv-1003 MC, 2014 WL 5018897, at *2 (D. Or. Oct. 1, 2014) (granting final approval of a
     settlement that included both FLSA and Oregon law claims).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 10

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

notices sent via U.S. Mail and 644 notices sent via email. *Id.*, ¶ 5.

Notice of a class action settlement is adequate where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Prod., Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). Sending individual notices to settlement class members' last-known addresses constitutes the requisite effort. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975); *Langford v. Devitt*, 127 F.R.D. 41, 45 (S.D.N.Y. 1989) ("[N]otice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement.").

The Settlement Administrator followed all of the procedures set forth in the Court-approved notice plan. Reasonable steps have been taken to ensure that all Class Members receive the Notice. Ultimately, of the 752 notices distributed via U.S. Mail, just 28 notices (3.72%) remained undeliverable following skip-tracing and other techniques to verify current mailing addresses. *See* Lee Decl. at ¶ 7. Moreover, the dissemination of notice via email increased the likelihood that Class Members successfully received the notice. The notices provided reasonable estimates of Class Members' recovery, in addition to considerable information about the case and the Settlement. Accordingly, the notice process was effective and satisfies the "best practicable notice" standard.

### C.  The Settlement Readily Warrants Final Approval

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice*, 688 F.2d at 625. Included in this analysis are considerations of: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

In addition to the *Churchill* factors, Rule 23 requires courts consider whether: (A) the class

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 11

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Despite this "lengthy but non-exhaustive list of factors that a district court may consider when weighing a proposed settlement," "there are few, if any hard-and-fast rules about what makes a settlement 'fair' or 'reasonable.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F.3d 597, 610 (9th Cir. 2018). "The district court's task in reviewing a settlement is to make sure it is 'not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'" *Id.* at 617 (quoting *Officers for Justice,* 688 F.2d at 625). "Deciding whether a settlement is fair is ultimately 'an amalgam of delicate balancing, gross approximations and rough justice,' best left to the district judge, who has or can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case. Accordingly, 'the decision to approve or reject a settlement is committed to the sound discretion of the trial judge.'" *Id*. at 611 (citations omitted). Consideration of the relevant factors and "the whole gestalt of the case" confirms that the settlement is fair, reasonable, and adequate, and should be finally approved as to the Classes and Collective.

### 1. The Settlement is the Product of Informed, Non-Collusive, and Arm's Length Negotiations

This Settlement was a product of non-collusive, arm's-length negotiations. *See* Cottrell Decl., ¶¶ 14-19. The Parties first mediated this dispute on March 9, 2021, before Cliff Freed, an experienced wage and hour mediator. *Id*., ¶ 15. This initial mediation was unsuccessful, and the Parties continued to engage in numerous arm's-length negotiations. *Id*. On June 22, 2022, the Parties participated in a full-day mediation before respected wage and hour mediator Judge Diane Welsh

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 12

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

(Ret.). *Id.*, ¶ 16. That day, the parties ultimately agreed to a mediator's proposal issued by Judge Welsh, and they executed a memorandum of understanding on September 22, 2022 containing the essential terms of the instant Settlement. *Id.* Plaintiffs are represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class Members. *Id.*, at ¶¶ 20, 30, 65-69; Vines Decl., ¶¶ 2, 4-5, Ex. A.

In addition, none of the "red flags" of potential collusion the Ninth Circuit has identified exist in this case. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (noting that plaintiffs' counsel may have allowed pursuit of their own self-interest to infect settlement negotiations when they receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund).

## 2. The Class Members Overwhelmingly Support the Settlement

The Ninth Circuit and other federal courts make clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano*, 541 F.2d at 837; *see also In re Am. Bank Note Holographics, Inc.*, 127 F.Supp.2d 418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Courts have found that a relatively low percentage of objectors or opt outs is a very strong indicator of fairness that factors heavily in favor of approval. *See, e.g., Cody v. Hillard*, 88 F.Supp.2d 1049, 1059-60 (D.S.D. 2000) (approving the settlement in large part because only 3% of the apparent class had objected to the settlement).

To date, with the notice period completed, no Class Members have objected to the Settlement, and no Class Members opted out. *See* Lee Decl., ¶¶ 8-9. Moreover, no workweek disputes have been submitted. *Id.*, ¶ 10. In addition, the Named Plaintiffs approve of the terms of the Settlement and endorse the request for the Court's approval of the Settlement.[9] Taken together, there is widespread support for the Settlement among Class Members. This factor weighs heavily in favor

[9] *See also* Randall Decl., ¶¶ 2-16; Finney Decl., ¶¶ 2-17.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 13

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

of final approval.

### 3. The Strengths of Plaintiffs' Case and the Amount of Settlement Warrants Approval

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Hunichen v. Atonomi LLC,* No. C19-0615-RAJ-SKV, 2021 U.S. Dist. LEXIS 239909, at \*26 (W.D. Wash. Nov. 12, 2021) (approving settlement amounting to 20% of the total damages in the action); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30% of the damages estimated by the class expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10% of the estimated damages); *Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, 2016 WL 5907869, at \*7 (approving wage and hour settlement which represented 8.1% of the total verdict value).[10]

Plaintiffs contend that they have strong wage and hour claims and are confident that they would establish that common policies and practices gave rise to the off-the-clock work at issue here. Outreach performed by Class Counsel confirms that the Class Members had similar hours of work, routinely experienced pre-shift and post-shift off-the-clock work, unpaid work meal and rest breaks, and no reimbursement and/or deductions for work-related expenses. Cottrell Decl., ¶ 56. Plaintiffs continue to believe they have a very strong case but are also pragmatic in their awareness of the risks inherent in this litigation, particularly where there are hundreds of Class Members who worked at various locations across several states, each with its own supervisors and management staff. *See id.*, ¶ 46.

Further, a review of the Settlement reveals the fairness, reasonableness, and adequacy of its

---

[10] *See also Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-02540-HSG, 2015 WL 3776765, at \*4 (N.D. Cal. June 17, 2015) ("10% gross and 7.3% net figures are 'within the range of reasonableness'"); *Balderas v. Massage Envy Franchising, LLC*, No. 12-cv-06327 NC, 2014 WL 3610945, at \*5 (N.D. Cal. July 21, 2014) (gross settlement amount of 8% of maximum recovery and net settlement amount of 5%); *Ma v. Covidien Holding, Inc.*, No. SACV 12-02161-DOC, 2014 WL 360196, at \*4-5 (C.D. Cal. Jan. 31, 2014) (9.1% of "the total value of the action" is within the range of reasonableness).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 14

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

terms. *See id.*, ¶ 30. The Gross Settlement Amount of $2,200,000 represents approximately 65% of the $3,414,740 that Plaintiffs calculated in substantive damages for unpaid wages the Class Members, assuming a 100% violation rate across the Class. *Id.*, ¶ 36; *see also id.,* ¶¶ 33-40.

This total exposure was based on the assumptions that employees worked one hour per day off-the-clock, missed 100% of meal breaks (30 minutes per shift), and missed 100% of rest breaks (20 minutes per shift). *Id.* Based on those favorable assumptions, Plaintiffs calculated a maximum potential liability of $1,906,520 for the off-the-clock claims, $1,508,219 for the meal and rest break claims, liquidated damages of $708,647, and penalties of $3,309,565. *Id.* ¶ 35. Thus, the negotiated non-reversionary Gross Settlement Amount of $2,200,000 represents approximately ***65% of Defendants' substantive exposure*** of $3,414,740 for off-the-clock claims and for meal and rest break violations, and approximately ***30% of Defendants' total estimated potential exposure*** of $7,432,952. *Id.,* ¶ 36.

These figures are based on Plaintiffs' assessment of a best-case-scenario. To have obtained such a result at trial, Plaintiffs would have had to certify all claims and withstand any decertification motions, prevail on the merits on all claims and prove that all approximately 752 class members experienced the violations at the levels described above for every shift and every assignment, and prove that Defendants acted knowingly or in bad faith. *Id.,* ¶ 38. These figures would of course be disputed and hotly contested. The result is well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation.

### 4.  The Action Involves Significant Risk and the Possibility of Extensive Further Litigation

While Plaintiffs are confident in the strength of their case, recovery of the damages and penalties previously referenced would require overcoming procedural and substantive challenges, such as class certification and ultimate success on the merits as to all of Plaintiffs' claims across the Classes. This is far from certain in light of developments in wage and hour and class and collective action law as well as the legal and factual grounds that Defendants have asserted in defending this action. *Id.*, ¶¶ 34, 39, 42-49. Off-the-clock claims can be challenging to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 15

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs., Inc.*, No. 18-cv-06741-LB, 2020 WL 6822908, at *6 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, 789 F. App'x 9 (9th Cir. 2019)); *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 U.S. Dist. LEXIS 94612, at *20-24 (W.D. Wash. July 10, 2014); *Koike v. Starbucks Corp.*, No. C 06-3215 VRW, 2008 U.S. Dist. LEXIS 115164, at *21-28 (N.D. Cal. June 20, 2008), *aff'd,* 378 F. App'x 659, 661 (9th Cir. 2010).

While Plaintiffs are confident that they would establish that common policies and practices gave rise to the off-the-clock work for the Technicians at issue here, Plaintiffs acknowledge that such off-the-clock work was performed at various locations across several states, each with its own supervisors and management staff. *See* Cottrell Decl., ¶ 46. With those considerations in mind, Plaintiffs recognize that obtaining class certification would be challenging, with the risk that the Technicians might only be able to pursue individual actions in the event that certification was denied. *See id*. Certification of off-the-clock work claims is complicated by the lack of documentary evidence and reliance on employee testimony, and Plaintiffs would likely face motions for decertification as the case progressed. *Id*. Plaintiffs also recognize that similar obstacles may hinder class certification and proving their claims on the merits of Plaintiffs' class claims regarding meal and rest breaks, specifically, given that the amount of time Technicians spent working while off the clock for meal breaks and rest breaks would need to be largely dependent on testimonial evidence. *Id.*

If the Action were to go to trial as a class and collective action, Class Counsel estimates that fees and costs, including very significant expenditures for expert fees and discovery costs, could exceed $3,000,000. *Id.*, ¶ 42. Litigating the class and collective action claims would require substantial additional preparation and discovery, including third-party discovery, depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id.*, ¶ 43.

Here, where ICS ceased operating more than two years ago, recovery for damages and

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 16

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

penalties would likely only be obtainable following a ruling that ICS and Comcast are joint employers. *Id.,* ¶¶ 44-45. The dispute regarding potential joint employment would be heavily litigated, and Defendants would likely vigorously contest that Comcast was the employer or joint employer at summary judgment and/or trial. If Comcast is found not to be a joint employer, the value of the case would plummet, given ICS' now defunct nature. *Id.*

Plaintiffs would also encounter difficulties in proving Defendants' liability on the merits for various other reasons. *Id.,* ¶ 47. For example, the FLSA provides that when an employer shows any act or omission giving rise to an FLSA violation "was in good faith" or made under "reasonable grounds for believing that his act or omission was not a violation," a court may award "no liquidated damages or award any amount thereof." 29 U.S.C. § 260. Defendants would no doubt be prepared to submit evidence showing that they had acted in good faith and on reasonable grounds and that their actions were not in violation of the FLSA, and whether this Court agrees with Defendants would be a risk that Plaintiffs would necessarily undertake had litigation continued.

The path to an award of additional damages and penalties at trial for overlapping FLSA and state law claims was equally uncertain. Plaintiffs' recovery analysis above assumes Colorado, Oregon, and Washington class members could receive both liquidated damages under the FLSA, but also civil penalties or liquidated damages under applicable case law (*e.g.*, 175% penalties under Colorado law, penalties of 8 hours per day up to 30 days under Oregon law, treble damages under Washington law) for the same underlying overtime and minimum wage claims. Cottrell Decl., ¶ 48. Although Plaintiffs are confident they would be able to succeed in arguing for these penalties and liquidated damages, Defendants would surely vehemently oppose such an approach, and would likely argue that such remedies could not be ordered on top of FLSA damages as a "double recovery." *Id.*

These risks were front and center, particularly given the nature of the off-the-clock work, which would be challenging to certify as a class action and/or to prove the claims on the merits, and that ICS has ceased doing business. *Id.,* ¶ 39. In contrast to litigating this suit, resolving this case by means of the Settlement will yield a prompt, certain, and very substantial recovery for the Class Members, representing approximately 65% of their core claims for unpaid wages. *See id.*, ¶ 49. The

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 17

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

proposed Settlement offers an average recovery of approximately $1,849 per Technician, with the largest recovery estimated to be $9,462. Lee Decl., ¶ 14; Cottrell Decl., ¶ 36. Such a result will provide significant compensation to the Technicians, benefit the Parties and the court system, and will bring finality to extensive litigation and will foreclose the possibility of expanding litigation. Cottrell Decl., ¶ 37. In light of all the risks, the settlement amount is fair, reasonable, and adequate.

### 5. Wide-Ranging Formal and Informal Discovery Has Been Completed

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may also assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013); *see also Hanlon*, 510 F.3d at 1026 ("the extent of discovery completed and the stage of the proceedings" as well as "the experience and views of counsel" are relevant to approval of settlement).

The Parties engaged in extensive formal, informal discovery, and class outreach that has enabled both sides to assess the claims and potential defenses in this action. *See* Cottrell Decl., ¶¶ 7-13. ICS and Comcast produced extensive documents, which included general policies as well as time records, payroll records, disciplinary records, personnel records, and contracts between ICS and Comcast. *Id.*, ¶ 8. ICS further provided a Rule 30(b)(6) witness, as well as class-wide figures, including the total number of class members, total workweeks, and additional data points, which enabled Class Counsel to complete an extensive investigation, including over 100 in-depth interviews with Settlement Class and Collective Members. *Id.*, ¶¶ 8-9. Class Counsel used this information to perform an extensive analysis of the case, including a comprehensive damages analysis, and allowed the Parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial. *See id.*, ¶¶ 11-13.

### 6. Class Counsel are Highly Experienced

Where counsel is well-qualified to represent the class and collective in settlement

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 18

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

negotiations, based on their extensive class action experience and familiarity with the strengths and weaknesses of the case, courts find this factor to support a finding of fairness. *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *10 (N.D. Cal. Apr. 1, 2011); *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

In reaching this Settlement, Class Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. *See* Cottrell Decl., ¶¶ 20-21, 30, 67-69; Vines Decl., at ¶¶ 4-6. Class Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of ICS' compensation policies and practices on Class Members' pay. *See* Cottrell Decl., ¶¶ 33-54. Ultimately, facilitated by the mediators, the Parties used this information and discovery to fairly resolve the litigation for $2,200,000. *Id.*, ¶ 19. Class Counsel believe that Plaintiffs have achieved a strong settlement in light of all the risks. *Id.*; Vines Decl., ¶ 5.

### D.  Plaintiffs and the Collective Members Are Similarly Situated

Court approval is also required for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval. *See, e.g., Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524-JST, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015). Most courts in this Circuit, however, evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, *supra*, at *4; *Grewe v. Cobalt Mortg., Inc.*, No. 16-cv-0577-JCC, 2016 WL 4014114, at *1 (W.D. Wash. July 27, 2016). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues...that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, *supra*, at 1354; *Otey*, *supra*, at *4.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 19

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

This Court has already granted conditional certification of the FLSA collective, and Plaintiffs are confident that they have satisfied their burden of making substantial allegations and a modest factual showing that Collective Members were subject to a common policy or practice that violated the FLSA for the very reasons already discussed above. During the course of litigation, 195 Collective Members filed opt-in forms to join the collective. Defendants have not moved for decertification of the FLSA claim and have stipulated as a part of the Settlement that the Collective Members are similarly situated to Plaintiffs for purposes of settlement. The Court should find that Plaintiffs and the Collective Members are similarly situated for purposes of final settlement approval.

### E.  The Class Representative Service Payments and Requested Attorneys' Fees and Costs are Reasonable

In approving the Settlement, the Court must determine whether "the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. In addition to the terms and details of the Settlement discussed above, the Settlement also provides for Class Representative Service Payments of up to $15,000 each to Plaintiffs Randall and Finney, subject to Court approval. Likewise in evaluating the Settlement, the Court must evaluate Plaintiffs' request for attorneys' fees and costs pursuant to the terms of the Settlement. In their fee motion, Class counsel request one-third of the Gross Settlement Amount, or $733,333.33, plus reimbursement of costs in the amount of $30,000. This is not a disproportionate amount of fees compared to the Gross Settlement Amount. *See, e.g., In re Bluetoooth*, 654 F.3d at 938 (no money provided to class but up to $800,000 for class counsel); *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1043 (9th Cir. 2019) (nearly half of settlement fund went to attorneys' fees). Likewise, no settlement funds revert to Defendants. *See In re Bluetooth*, *supra*, at 947.

Plaintiffs sets forth the arguments in support of the service awards, the attorneys' fees, and costs request in full in the accompanying Motion for Approval of Attorneys' Fees and Costs and Service Awards. Plaintiffs do not repeat those arguments here. The Court should find as reasonable and grant final approval to the requested service awards, as well as the requested fees and costs.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 20

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

### F.  The Court Should Finally Certify the Classes

In its September 6, 2023 preliminary approval order, the Court provisionally certified the Colorado, Oregon, and Washington Classes. *See* ECF 118. Now that notice has been effectuated, the Court should finally certify the Classes in its Final Approval Order and Judgment. The Classes meet all of the requirements for final approval as set forth below.

First, the numerosity prerequisite demands that a class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1); *see also Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988). Here, the State Classes are comprised of 394 Colorado Class members, 138 Washington Class members, and 203 Oregon Class members, who have been identified and issued notice, easily satisfying numerosity and ascertainability. *See* Cottrell Decl., ¶ 54.

Second, to satisfy the commonality requirement of Rule 23(a)(2) Plaintiffs "need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single common question" can satisfy the commonality requirement of Rule 23(a)(2). *Id.* Here, common questions of law and fact predominate here, satisfying paragraphs (a)(2) and (b)(3) of Rule 23. *See* Cottrell Decl., ¶ 55. Defendants have uniform policies applicable to the Class Members. *Id.* Specifically, Plaintiffs allege that the Class Members all perform the same primary job duties— providing installation services to customers of Comcast – and that the wage and hour violations are in large measure borne of Defendants' standardized policies, practices, and procedures that impact the Technicians the same ways, creating pervasive issues of fact and law that are amenable to resolution on a class-wide basis. In particular, Class Members are largely subject to the same: hiring and training process; timekeeping, payroll, and compensation policies; and meal and rest period policies and practices. *Id.* As a result, the same common questions exist regarding whether they are paid at least the minimum wage for all hours worked, are paid properly for meal and rest periods, are properly compensated at the overtime rate for overtime hours worked, and are subject to further derivative violations. *Id.* Because these questions can be resolved at the same juncture, Plaintiffs contend the commonality requirement is satisfied for the Classes. *Id.*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 21

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

Third, "[r]ule 23(a)(3) requires that the claims of the named parties be typical of the claims of the members of the class." *Fry v. Hayt*, 198 F.R.D. 461 at 468 (E.D. Pa. 2000). "Under the rule's permissive standards, a representative's claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiffs contend that their claims are typical of those of all other Class Members: they were subject to the alleged illegal policies and practices that form the basis of the claims asserted by Plaintiffs in this case, as confirmed by interviews with Class Members and review of timekeeping and payroll data. *See* Cottrell Decl., ¶ 56.

Fourth, Rule 23(a)(4) requires that Plaintiffs must show "(1) that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously; (2) that he or she has obtained adequate counsel, and (3) that there is no conflict between the individual's claims and those asserted on behalf of the class." *Fry*, 198 F.R.D. at 469. Plaintiffs' claims are in line with the claims of the State Classes, and are not antagonistic to the claims of Class Members. *See* Cottrell Decl., ¶ 57. Plaintiffs have prosecuted this case with the interests of the Class Members in mind. *Id*. Moreover, Class Counsel has extensive experience in class action and employment litigation, including wage and hour class actions, and does not have any conflict with the Class. *Id*. at ¶¶ 58, 67-69.

Fifth, under Rule 23(b)(3), Plaintiffs must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also Wang*, 737 F.3d at 545. Here, the State Classes are entirely cohesive because resolution of Plaintiffs' claims hinges on the uniform policies and practices of Defendants, rather than the treatment the Class Members experienced on an individual level, thus resolution of these alleged class claims would be achieved common forms of proof, such as Defendants' uniform policies, and would not require inquiries specific to individual Class Members. Cottrell Decl., ¶ 59.

Further, class action mechanism is a superior method of adjudication compared to a multitude of individual suits. *Id*., ¶ 60; *see also* Fed. R. Civ. P. 23(b)(3)(A)-(D). Here, the Class Members do not have a strong interest in controlling their individual claims. *See Kavu, Inc. v. Omnipak Corp.*,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 22

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

246 F.R.D. 642, 650 (W.D. Wash. 2007) (finding that class action was superior to other methods because, among other reasons, individual damages are small and class members would be unlikely to litigate claims on their own). This action involves hundreds of employees with similar, but relatively small, claims for monetary injury, including against one defendant (ICS) that is now defunct, which would require duplicative discovery and duplicative litigation, as well as the personal participation of each Class Member. *See* Cottrell Decl., ¶ 61. The class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation. *Id.*, ¶¶ 61-62.

The Settlement presented by the Parties provides finality, ensures that workers receive substantial redress for their claims, and avoids clogging the legal system with numerous cases. *See* Cottrell Decl. at ¶ 63. Accordingly, class treatment is efficient and warranted, and the Court should certify the State Classes for settlement purposes.

## VII.    THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE

Lastly, Plaintiffs respectfully request that the Court approve the implementation schedule under the Settlement, as provided in the accompanying Proposed Order and Final Judgment.

## VIII.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court enter the accompanying Proposed Order and Final Judgment and find that the Settlement is fair, reasonable, and adequate; find that the notice procedure comported with Rule 23 and due process; grant final class certification as to the Classes; and grant any other specified relief.

Dated: December 12, 2023

Respectfully Submitted,

*/s/ Carolyn H. Cottrell*
Beth E. Terrell (WSBA 26759)
Toby J. Marshall (WSBA 327726)
TERRELL MARSHALL LAW GROUP
936 North 34th St, Ste. 300
Seattle, WA 98103
Phone: (206) 816-6603
Fax: (206) 319-5450
bterrell@terrellmarshall.com

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 23

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

tmarshall@terrellmarshall.com

Carolyn H. Cottrell (*pro hac vice*)
Ori Edelstein (*pro hac vice*)
Michelle S. Lim (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell St, Ste. 1400
Emeryville, CA 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Camille Fundora Rodriguez (*pro hac vice*)
Lane L. Vines (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Ste. 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
Fax: (215) 875-4604
crodriguez@bm.net
lvines@bm.net

*Attorneys for Plaintiffs, the Collective, and the State Classes*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 24

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF WORD COUNT**

I certify that this memorandum contains 8,366 words, in compliance with the Local Civil Rules.

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-cv-05438 - 25

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on December 12, 2023, I electronically filed a true and accurate copy

3

of the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send

4

email notification of such filing to all counsel of record.

5

6

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
Case No. 3:20-CV-05438 - 26

TERRELL MARSHALL LAW GROUP PLLC
936 NORTH 34TH STREET, SUITE 300
SEATTLE, WASHINGTON 98103-8869
TELEPHONE: (206) 816-6603