1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11   MICHAEL RANDALL, et al.,

                        Plaintiffs,

12        v.

13   INTEGRATED COMMUNICATION
SERVICE INC, et al.,

14

                     Defendants.

15

CASE NO. 3:20-cv-05438-DGE

ORDER GRANTING MOTION
FOR FINAL APPROVAL OF
CLASS AND COLLECTIVE
ACTION SETTLEMENT (DKT.
NO. 120)

16

17         Before the Court is Plaintiffs' unopposed motion for final approval of class and collective

action settlement.  (Dkt. No. 120.)

18

19         Plaintiffs filed a motion for preliminary approval of class and collective action settlement

on March 3, 2023.  (Dkt. No. 114.)  The Court granted the motion on September 6, 2023.  (Dkt.

20

No. 118.)  Before the Court is the last stage of the settlement approval process: final approval of

21

the Settlement.  (Dkt. No. 120.)  Plaintiffs have separately moved for approval of attorneys' fees

22

and costs and the service awards for the Class Representatives.  (Dkt. No. 126.)

23

24

Having reviewed the record and heard the statements of counsel, the Court finds and ORDERS as follows:

1. The Court has jurisdiction over the claims of the Participating Class Members and Opt-In Plaintiff asserted in this proceeding and over all Parties to the action.

2. The Court finds that no Class Members have objected to the Settlement and no Class Members have requested exclusion from the Settlement.

3. The Court hereby GRANTS final approval of the terms and conditions contained in the Settlement (Dkt. No. 115-1), as to the Participating Class Members and Opt-In Plaintiffs. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

4. The Court finds that: (1) the settlement amount is fair and reasonable to the Participating Class Members and Opt-In Plaintiffs when balanced against the probable outcome of further litigation relating to class and collective certification, liability, and damages issues, and potential appeals; (2) sufficient discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties.  Accordingly, the Court finds that the Settlement was entered into in good faith.

5. The Court hereby makes final its certification of the provisional State Classes, in accordance with the Settlement, for the purposes of this Settlement only.  The State Classes are defined as: (a) all individuals employed by ICS in the State of Colorado who

provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2017 and August 26, 2021 ("Colorado Class"); (b) all individuals employed by ICS in the State of Oregon who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2014, and August 26, 2021 ("Oregon Class"); and (c) all individuals employed by ICS in the State of Washington who provided services for the customers of Comcast as hourly non-exempt employees working as Technicians between May 8, 2016, and August 26, 2021 ("Washington Class").

6. The Court hereby appoints Schneider Wallace Cottrell Konecky LLP and Berger Montague PC as Class Counsel for the State Classes and as Counsel for the Collective.

7. The Court hereby appoints Plaintiffs Michael Randall and Allen Finney as the Class Representatives and as Collective representatives for the Collective.

8. The Court finds that the approved Class and Collective Notice Packet (Dkt. No. 115-1 at 37–42), as well as the supplemental notice (Dkt. No. 132 at 27), is in full compliance with the applicable laws and the requirements of due process.  The Court finds that the Class and Collective Notice Packet fully and accurately informed the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement.  A full opportunity has been afforded to the Class Members to participate in this hearing and all Class Members and other persons wishing to be heard have been heard.  Accordingly, the Court determines that this Final Approval Order and Judgment binds all Class Members who did not submit a Request for Exclusion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

9.  The Court further finds that the Class and Collective Notice Packet (Dkt. No. 115-1 at 37–42), as well as the supplemental notice (Dkt. No. 132 at 27), fully and accurately informed the Collective Members of all material elements of the proposed Settlement. Accordingly, all Opt-In Plaintiffs are bound by this Final Order and Judgment.

10. The Court FINALLY APPROVES Class Counsel's request for attorneys' fees of one third of the Gross Settlement Amount, for a total of $733,333.33 in fees, subject to the exception that any costs owed to Phoenix for distribution of the supplemental notice (Dkt. No. 131 at 3) shall be deducted from Counsel's attorneys' fees and not the Gross Settlement Amount.  This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the strong results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's representation of Plaintiffs and the State Classes and Collective, and the additional work required of Class Counsel to bring this Settlement to conclusion.

11. The Court FINALLY APPROVES Class Counsel's request for litigation costs of $28,226.11.

12. The Court FINALLY APPROVES service awards of $15,000 each, for Plaintiffs Michael Randall and Allen Finney and finds that this award is fair and reasonable for the work these individuals provided to the State Classes and Collective and the broader releases they executed than the Class Members and Opt-In Plaintiffs.

13. The Court confirms the appointment of Phoenix Class Action Administration Solutions as the Settlement Administrator for the purpose of the Settlement and approves its reasonable administration costs of $16,250.  The Court orders that any payment to

Phoenix for distributing the supplemental notice (Dkt. No. 131 at 3) shall not be awarded from the Gross Settlement Amount and shall instead be deducted from Class Counsel's attorneys' fees.

14. The Court approves National Employment Law Project as the *cy pres* recipient, in accord with the terms of the Settlement.

15. Accordingly, the Court hereby APPROVES the following implementation schedule.

| | |
|---|---|
| Effective Date | Either (i) if any timely objection is filed to the Settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if any timely objection and appeal by an objector is filed, then after any appeal is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) if there are no timely objections to the Settlement, or if any objections that were filed are withdrawn before the date of final approval, then the first business day after the Court's order granting Final Approval of the Settlement, whichever is latest. |
| Deadline for Defendants to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 21 calendar days after the Effective Date |
| Deadline for Settlement Administrator to make payments under the Settlement to Participating Individuals, Settlement Class Representatives, Class Counsel, and itself | Within 45 calendar days after the Effective Date |
| Deadline for Settlement Administrator to send reminder letter to Participating Individuals who have yet to cash their checks | With 90 days remaining of the check-cashing deadline |
| Check-cashing deadline | 180 calendar days after issuance |
| Deadline for Settlement Administrator to redistribute remaining funds from uncashed checks to *cy pres* recipient | As soon as practicable after check-cashing deadline |
| Deadline for Settlement Administrator to provide Post-Judgment Report | As soon as practicable after check-cashing deadline |

16. The Court further ORDERS that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed.

17. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are barred as of the Effective Date.

18. The Court permanently enjoins all of the Participating Class Members and Opt-In Plaintiffs from pursuing, or seeking to reopen, any released claims (as defined in the Settlement paragraph 12.a–e, 14) against any of the Defendants and Released Parties (as defined in the Settlement at Paragraph 2.x) as of the Effective Date.

19. The Court DISMISSES the above-captioned Action with prejudice and enters judgment consistent with the Settlement and this Order to so dismiss the Action.

20. The Court shall retain jurisdiction to enforce the terms of the Settlement.

Dated this 29th day of March 2024.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT (DKT. NO. 120) - 6